## THE TOWN OF GALEN *vs.* THE CLYDE AND ROSE PLANK ROAD COMPANY.

A town, in its corporate character, cannot maintain an action to set aside a contract made between the supervisor and commissioners of highways of the one part, and a plank road company of the other part, under which the plank road company claims possession of a public highway in the town.

The title to the lands over which a highway passes, remains in the respective owners, as before the road was laid out; subject to the right of passage for the public.

This right of passage does not belong to, nor is it in any sense, the property of, any particular town or county, but is in the people of the whole state.

APPEAL from a judgment entered upon the report of a referee. The action was brought to set aside a contract or agreement made between the supervisor and commissioners of highways of the town of Galen and the Clyde and Rose Plank Road Company, under which the plank road company claim possession of a public highway in the town of Galen.

· The complaint alleged that the defendant, being a corporation or association, and incorporated under and by virtue of an act entitled "An act to provide for the incorporation of companies to construct turnpike roads," passed May 7, 1847, and an act entitled "An act in relation to plank and turnpike road companies," passed November 24, 1847, for the purpose of constructing a plank road from the village of Clyde to Rose Valley, in the county of Wayne, on the 15th day of January, 1848, made and entered into a contract or agreement with Aaron V. Waterbury, then being supervisor of the town of Galen, and Adrastus Snedaker, Hiram Burton and David Closs, then being commissioners of highways of the said town, representing the said town by virtue of the act aforesaid, by which the said plank road company, in consideration that the said Aaron V. Waterbury, supervisor as aforesaid, and the said Adrastus Snedaker, Hiram Burton and David Closs, commissioners of highways as aforesaid, in behalf of and for the said town of Galen, would make and execute the covenant, agreement or instrument in writing, hereinafter set forth,

agreed to and with the plaintiff, by their agents or representatives above named, to build, construct and maintain a single track plank road on each of the forks of the highway, granted to the defendant in and by the said instrument in writing, from the forks of the said road, near the northern boundary line of the corporation of the village of Clyde, in the town of Galen, to the northern boundary line to the said town of Galen, and within the said village of Clyde, on Glasgow and Sodus streets, from the northern boundary line of said village to or near the bridges where said Sodus and Glasgow streets cross the Erie canal, respectively. And the plaintiff further showed that in pursuance of the above mentioned agreement, the said Aaron V. Waterbury, as supervisor of the town of Galen aforesaid, and the said Adrastus Snedaker, Hiram Burton and David Closs, commissioners of highways as aforesaid, on the day and year aforesaid, executed and delivered to the said defendant, a contract or instrument in writing, of which the following is a copy, to wit:

"Know all men by these presents, that we, Aaron V. Waterbury, supervisor of the town of Galen, in the county of Wayne, and state of New York, and Adrastus Snedaker, Hiram Burton and David Closs, commissioners of highways of said town, having met at the office of L. S. Ketchum, in the village of Clyde, on the 15th January, one thousand eight hundred and forty-eight, by virtue of the power and authority vested in us by an act entitled 'An act to provide for the incorporation of companies to construct plank roads, and of companies to construct turnpike roads,' passed May 7th, 1847, and an act entitled 'An act in relation to plank and turnpike road companies,' passed November 27th, 1847, do hereby resolve and agree to and with the Clyde and Rose Plank Road Company, formed under the provisions of said act, for the purpose of constructing a plank road from the village of Clyde to Rose Valley, in the county of Wayne: That in consideration of the single track plank road hereinafter mentioned, said company may have, take, and use, during the

continuance of said company, so much and such parts of the public highway lying within said town of Galen, and leading from the said village of Clyde to Rose Valley, as the directors of said company shall or may think necessary for the construction of said plank road : And we do hereby, by virtue of said acts, grant, sell and confirm unto said company, for securing the continuance thereof, all the right, title and interest, right of way, and privileges of use and occupation of said highway, now vested in or belonging to the said town of Galen, which we are authorized by said acts to convey, from the intersection of the northern boundary line of the corporation of said village of Clyde with Glasgow street, in said village, to the town line between the said town of Galen and the town of Rose, and from the intersection of said northern boundary line of said village with Sodus street, in said village, to the road running from the northermost termination of Glasgow street to Rose Valley. This agreement upon this express condition and not otherwise, to wit : that said company shall construct a single track plank road on each of the forks of the highway hereby granted to said company from the forks of said road, near the said northern boundary line of the corporation of the said village of Clyde, to the northern boundary line and within said village of Clyde, on Glasgow and Sodus streets, from the said northern boundary line to or near the bridges where said Sodus and Glasgow streets cross the Erie canal, respectively, said company is to forfeit all right and title to said highway, and the use thereof, unless they shall fully and fairly comply with the foregoing condition.

Witness our hands and seals the day and year first above written,  A. V. WATERBURY, [L. S.] *Supervisor.*

A. SNEDAKER, [L. S.]

H. BURTON, [L. S.]

DAVID CLOSS, [L. S.]

*Commissioners of highways of Galen.*"

And the plaintiff averred that the defendant had not in anywise kept and performed the said contract or agreement,

but had broken the same, and to keep and perform the same had wholly neglected and refused. And that the defendant had not, since the making and delivery of the said instrument in writing, or at any time, constructed a single track plank road upon the highway mentioned and described in the said instrument in writing, according to the true intent and meaning thereof, but a large portion thereof from the north boundary line of said village, to or near the bridges on both Sodus and Glasgow streets mentioned in said contract, had never been laid with planks or in any manner fully and fairly completed according to the true intent and meaning of said instrument in writing. And that the defendant had not, since the making and delivery of the said instrument in writing, kept and maintained the said road in repair, but had suffered and allowed the planks on said road to be displaced and wholly removed, so as greatly to obstruct and impede the travel thereon; and that the road had been, during the whole time since the making of said instrument in writing, and now is, broken up and out of repair, contrary to the true intent and meaning of said instrument in writing. And the plaintiff further alleged that the defendant, after the making and delivery of the said instrument in writing, and before the completion of the said plank road, according to the true intent and meaning thereof, by their directors, officers, agents and servants, entered upon the highway mentioned and described in the said instrument in writing, and by the false and fraudulent representations of the said directors, officers and agents of the defendant, made to the inspectors of plank roads for the county of Wayne, wrongfully and unlawfully procured from the inspectors a certificate in writing that said road was fully completed according to the provisions of the act in such case made and provided, and thereupon, the defendant, well knowing that the road was incomplete and not finished, unlawfully and wrongfully erected upon and across said public highway, in the town of Galen, an obstruction or gate and bars from that time hitherto, and now does demand and re=

ceive tolls from persons passing or traveling on the said highway, to the great annoyance and inconvenience of such persons and the interruption and damage of the lawful business of the citizens of the town of Galen, and all others passing or traveling on said road. By reason whereof the plaintiff insisted and alleged that the defendant had not fully and fairly performed its said agreement, but had lost and forfeited all right, title and interest to the said highway mentioned in the said instrument in writing, and to the possession, right of way, and the use and occupation thereof. Wherefore the plaintiff demanded judgment against the defendant, and that the said plank road company, by a decree or order of this court might be adjudged, ordered and required to remove the said toll gate or obstruction from the said highway, and to refrain and desist from demanding or receiving tolls from travelers or persons using or passing on said highway within the said town of Galen, and that the said instrument in writing might be adjudged and ordered to be null and void, and that the same might be ordered to be given up and surrendered to the plaintiff to be canceled, and that the plaintiff, the inhabitants of the said town of Galen, and the public might be restored to the entire occupation and enjoyment of the said road and their right of way over the same as fully as they were wont to do before the making of the said instrument in writing, without any hindrance or molestation from the defendant or the directors, officers and agents thereof; or for such other or further relief, &c.

The defendants, in their answer, alleged that the institution or commencement of this action had not been directed by the electors of the town of Galen, as required by statute in such case made and provided; and for a further defense the defendant denied each and every allegation contained in the complaint. For a further defense to such of the allegations contained in the complaint as charged the defendant with omitting to lay plank on parts of said road known as Sodus and Glasgow streets, in the village of Clyde, the defendant alleged that the said streets were, and still are, within

the corporate limits of said village; that by an act of the legislature of the state of New York, entitled "An act to incorporate the village of Clyde, in the county of Wayne," passed May 2, 1835, the said village was made, and still is, exempt from the superintendence of the commissioners of highways of the town of Galen, and the trustees of said village were made, and still are, commissioners of highways in said village, with exclusive possession, control and jurisdiction over the highways and streets therein, including said Sodus and Glasgow streets; that the said trustees refused to allow the defendant to lay plank on said Sodus street south of De Zeng street, and on said Glasgow street south of Caroline street, and thereupon the defendant caused large quantities of stone and gravel to be put upon those parts of said streets and placed and formed so as to form a hard and even surface, according to the true intent and meaning of said instrument in writing, and the provisions of the act under which it was incorporated, and so continued the same until the said trustees afterwards and by virtue of two acts of the legislature of the state of New York, the one entitled "An act to authorize the Clyde and Rose Valley Plank Road Company to abandon part of their road," passed April 17, 1851, and the other entitled "An act to enable the Clyde and Rose Plank Road Company to abandon a part of their road," passed April 11, 1853, resumed the entire and exclusive possession, control and jurisdiction over said streets, and refused any longer to allow the defendant to enter thereon, or in any manner to use, occupy or repair the same, all of which facts were well known to and approved by the plaintiff.

The action was referred to a referee, who found the following facts: 1st. That the defendant was a corporation duly organized, as averred in the complaint. 2d. That after such organization, and on the 15th day of January, 1848, the supervisor and commissioners of highways of the town of Galen executed to the defendant the conveyance set forth in the complaint, which was duly filed by the defendant in the office

Town of Galen *v*. Clyde and Rose Plank Road Co.

of the town clerk of said town, on the 5th day of February, 1848; that thereupon the defendant took possession of the highway according to the provisions of the act under which it was incorporated, and constructed a single track plank road thereon, which they had since used and still use and occupy as a plank road. 3d. That the defendant in part performance of the condition contained in the conveyance of right of way set forth in the complaint, proceeded to, and did, construct a single track plank road on the forks of said highway referred to in the conveyance as follows, viz: 1st. On Glasgow street from the forks south to its intersection with Caroline street, a distance of 157 rods, leaving unplanked from that point to the Erie canal, a distance of 54 rods. 2d. On Sodus street, in said village, from the forks south to its intersection with De Zeng street, a distance of 120 rods, and leaving unplanked the distance of 91 rods. That a part of the distance on each of said forks so planked, is north of the northern boundary line of the village of Clyde, and in the said town of Galen, and all of the distance so remaining unplanked on each of the said forks lies within the corporate limits of the village of Clyde, as defined in the act of the legislature, passed May 2, 1835, incorporating said village. The plaintiff having established these facts, rested the cause and claimed judgment of forfeiture, on the ground of the omission to complete the single track plank road on Sodus and Glasgow streets through to the Erie canal. Whereupon the defendant moved for a nonsuit and dismissal of the complaint on the following grounds: 1st. That by the 12th section of the act to incorporate the village of Clyde, passed May 2, 1835, the streets and highways in said village are exempt from the superintendence of the commissioners of highways of the town, and are within the exclusive jurisdiction and superintendence of the trustees of said village as commissioners of highways therein; consequently the supervisor and commissioners of highways of the town of Galen could not authorize or require the defendant to perform that part of the condition of the conveyance which

required the defendant to lay plank on the parts of Sodus and Glasgow streets, lying within the corporate limits of said village ; and therefore that portion of the said condition being impossible to be performed was null and void, and the omission of its performance could not work a forfeiture. 2d. There being no time fixed in the conveyance for the completion of the performance of the said condition, and the defendant hav- ing commenced and performed in part, no forfeiture accrued until a demand of the completion of the performance had been made by the town, and no such demand having been proved, no forfeiture had accrued. 3d. That the condition having been partly performed, and eight years having elapsed without demand of completion or any notice of an intention on the part of the town to avail itself of the partial failure of performance by defendant, the plaintiff must be presumed to have waived the forfeiture. And he reported as a conclusion of law that the points taken by the defendant on his motion for a nonsuit, were well taken. He therefore granted the motion for nonsuit, and directed judgment to be entered against the plaintiff, dismissing the complaint with costs.

*Wm. S. Stow,* for the appellant.

*C. D. Lawton,* for the respondent.

*By the Court,* JOHNSON, J. A very important, if not controlling question, lies at the threshold of this case, which is, whether the plaintiff can maintain the action, conceding a cause of action to have accrued against the defendant. Unless it can be shown that the contract, which the plaintiff asks to have annulled, is the contract of the town, or the right to the highway, which the defendant claims to have acquired, under it, was the property of the town, it is difficult to see how this action can be maintained. Each town as a body corporate has capacity to sue and be sued. (1 *R. S.* 337, § 1.) But such capacity is, necessarily, I think, restricted to cases where the assertion of their corporate rights, or the enforcement against them of their corporate liabilities, require such proceedings.

Town of Galen *v.* Clyde and Rose Plank Road Co.

Beyond that, as was said in *Lorillard* v. *Town of Monroe,* (1 *Kernan,* 392,) towns are not bodies corporate, but mere political divisions for the convenient exercise of portions of the political power of the state. As such they could have no standing in court, for any purpose. The only rights which the defendant could acquire under the contract, in the highway in question, was the easement which the public before had.

The title to the lands over which the highway passed, remained in the respective owners, as before. Did this right of passage belong to, or was it in any sense the property of, the town, as a body corporate? I think not. The right was in the public, and not in the town. At common law, in England, every highway was said to be the king's, but the right was only a right of passage, for himself and his subjects. Here it must be in the people, not of any particular town or county, but of the whole state. Although by law the damages for lands taken for highways, are to be levied and collected in the town within which the highway shall be situated, it does not follow that the right acquired by the appropriation vests in the town and becomes part of its corporate property. Assessing the damages upon the town is only a convenient mode adopted for distributing the public burthens. The statute does not vest the right, when acquired, in the town, and it must, consequently, belong to the sovereign or body politic. It has been shown, I think, most clearly and conclusively, by Selden, J., in *Morey* v. *The Town of Newfane,* (8 *Barb.* 643,) that towns, as such, have no control over the highways, within their respective boundaries, and are in no respect liable for their unsafe condition. The commissioners of highways, to whom the statute commits exclusively the care and superintendence of highways and bridges in their respective towns, although town officers, in respect to their powers and jurisdiction, are not agents of their towns, in the sense of having charge of town property. They are public servants, charged with the care and superintendence of interests in which all the people are equally interested. The right is taken for public use, and does

not vest in any mere local corporation. This being so, it would seem to follow that the contract entered into between the defendant and the supervisor and the commissioners of highways of the town, was in no respect the contract of the plaintiff. It was not made in the name of the town. The parties to it are the defendant on the one side and the supervisor and the commissioners of highways of the town on the other. They are the persons designated by the statute to make the contract on behalf of the public, but they are not declared to be agents of the town, in the act, nor are they deemed to be, unless the subject of the contract is the property of the town. They are simply constituted public agents, for the purpose of transferring a right vested in the public. I am aware that it is said incidentally, in the opinion of the learned judge who delivered the opinion of the court in the case of *Palmer* v. *The Fort Plain and Cooperstown Plank Road Co.*, (1 *Kern.* 376,) at page 391, that these officers conveyed to the corporation as agents of the town; and that the conveyance was " virtually the act of the town through them." This however was not the point decided, and is only a remark made in discussing the question before the court. The court did not in that case decide what party should properly bring the action. They only decided that it could not be maintained by the officers by whom it was executed, as they only acted in the capacity of agents. But the question whether they acted, in making the contract, in the capacity of agents for the people of the state, or as agents for the town as a body corporate, was not before the court, and was neither discussed nor passed upon. It is to be observed in this connection, that the damages agreed upon, or assessed in case of disagreement, are to be paid not to the town, but to the commissioners of highways, who are themselves a *quasi* corporation. And they receive such damages, not for the benefit of the town, in its corporate character, but to be expended upon the highways in such town, in which, as I have undertaken to show, all the people in the state have an equal interest. I am clearly of

opinion, therefore, that the plaintiff has no right of action whatever, in the premises, against the defendants. In this conclusion I am strengthened and confirmed by the elaborate and well reasoned opinion of Emott, J., in *The Town of Fishkill* v. *The Fishkill and Beekman Plank Road Company*, (22 *Barb.* 634.)

Having come to this conclusion, it is wholly unnecessary to discuss the other questions which are presented in the case, and which were passed upon by the referee. It will be in time to examine and decide those questions when a party shall be found competent to come into court, and claim the sweeping relief demanded by the plaintiff in his complaint in this action. It is enough for this case that the plaintiff, having no interest in the right, can maintain no action.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 7, 1858. *Welles, Smith* and *Johnson,* Justices.]