## GRANGER AND WIFE *v.* PULASKI COUNTY.

QUASI CORPORATIONS—*Powers of.*—Counties may be termed *quasi corpora-* *tions,* the assumption of their corporate powers conferred and duties imposed, are wholly involuntary, they possess no power, incur no obligations, except specially conferred by statute.

LIABILITY.—A private action will not lie, at the suit of a party injured, against a *qnasi* corporation, resulting from non-performance by its officers of a corporate duty, unless given by statute.

*Appeal from Pulaski County.*

HON. JOHN WHYTOCK, Circuit Judge.

*Rice & Benjamin, Gallagher & Newton* and *T. D. W. Yonley,* for appellant.

Counties are liable as bodies politic, as also municipal. *Gould's Dig. 287, Sec. 1, Chap. 41;* corporations are liable at common law for trusts and acts of their agents. *Hawkins v. Duchess of Orange; Steamboat Co., 3 Wend. 453; McCready v. Guard. of the Poor, S. & R. 94; Lyman v. White River Bridge Co., 3. Ark. 355, 3. Hill 573,* per *Harper, C. J.; Goodloe & Smith v. city of Cin., 4. Ham 500 and 514; Cincinnati v. Hamilton Co., Wright 603; Chestnut Hill Turnpike Co. v. Butler, 4. S. & B. 16; Kansas v. Schuylkill Bank, 4. Was. C. C. 106; Riddle v. Proprietors of docks and canals, 7. Mass. 187; Gerch v. Fulton Bank, 7. Can. 485.* The demurer admitted the authority of the corporation. *Lyman v. White River Bridge Co., 2. Ark. 255, 257.* A county is liable to repair a bridge unless they can charge a particular person. *1. Salk R. p. 359, (s. 7.) 1. Vent 61; 6. Mad. 150, 191, 255, 307. Holt 339.* To render corporation liable for negligence, law must impose duty upon it. *Hawkins v. Plattsburg, 15. Bart. 427;* also, *Western College v. Cleveland, 12; Ohio n. s, 375; Perkins v. Newell, 26 Ill. 220; Cates v. Davenport, 9; Iowa 227, (Withwell) 227.* Municipal are equally liable as civil. See *R. v. Bingham & Glancetshen R. Co., 32, 223; R. v. Great N. R. Co., 315; 3 B. & Ala., 290; R. v. Scourbeck 6 A. & E. 513; 2 Black, 418; 1 Black, 39; 17 Haw. 161.* That all the requisites exist to create the liability in regard to Pulaski county, see, *sec. 1. chap. 41, p. 287, Gould's Dig.; Roads and Highways Ib. p. 962; Public Roads declared Highways, sects. 1 and 2; Ib. p. 971, sect. 76, 77; Ib. 966, sec. 29; Acts of Legislature 1860, p. 359; Ib. 371; Acts of 1860, Roads and Highways; Acts of 1854, p. 176.*

*Warwick, Watkins & Rose,* for appellee.

A county cannot be sued for damages occasioned by a de-

fective bridge or highway; *Hedges v. County, 1. Gilman, Ill. 567; Russell v. Men of Devon, 2 Durnf & East, 667; Ruddle v. Proprietors &c., 7 Mass. 186; Miney v. Police, 12 La. An. 858; Schuyler Co. v. Mercer Co., 4 Gilman, 20; Ward v. County of Hartford, 12 Conn. 404; Commissioners v. Meghels, 7 Ohio State R. 109; Huffman v. San Joaquin, 12 Cal., 426; Harvey v. Town of Newfane, 8 Barb., Sup. Ct. R. 645; Makinnon v. Penson, 18 Eng. L. & Eq., 509.*

BOWEN, J.

Daniel B. Granger and Alice C., his wife, brought an action, in the Pulaski circuit court, against the county of Pulaski, seeking to recover damages for injuries received by said Alice C. Granger, by being thrown from a bridge on a public highway in said county, in consequence of the. insecure condition of the bridge, etc.

The appellee demurred to the declaration, which was sus_ tained, from which ruling and judgment of the circuit court Granger appealed.

The principal point raised by the demurrer is, whether any action lies against a county in this State for damages resulting from a defect in a public highway.

Counties are a political division of the State Government, organized. as part and parcel of its machinery, like townships, school districts and kindred sub-divisions.   They do not derive any of the corporate powers they possess by a special charter. Their functions are wholly of a public nature, and their creation a matter of public convenience and governmental necessity, and in order that they may the better subserve the public interest, certain corporate powers are conferred on them. Whether they will assume their corporate powers and perform the duties and obligations imposed, are questions over which they have no choice, but their assumption is wholly involuntary.

They have been termed *quasi* corporations, possessing no

power, and incurring no obligations save those especially conferred or imposed by statute.

Chief Justice PARKER, of Massachusetts, in speaking of these involuntary corporations, said: "That they are not bodies politic and corporate, with the general powers of corporations, must be admitted;" and the reasoning advanced to show their defect of power is conclusive: "They may be considered, under our institutions, as *quasi* corporations, with limited powers, co-extensive with the duties imposed upon them by statute or usage, but restrained from the general use of authority, which belongs to these metaphysical persons."

It is well settled that, at common law, these *quasi* corporations are not liable to a private action at the suit of a party injured, resulting from the non-performance by its officers of a corporate duty, and no such action lies unless given by statute. This doctrine has been repeatedly asserted and applied by the courts of this State, where actions have been brought against counties and townships for injuries received in consequence of defects in the public highway. We know of but one State in which a contrary opinion is held. See *Mower v. Leicester, 9 Mass., 250; Bartlett v. Crozier, 17 Johnson, 439; King v. Police Jury, 12 La., 858; Hedges v. County, 1 Gillam, 567; Moray v. Newfane, 8 Barb., 645; 21 Cal., 426; 2 N. H., 393; 27 Barb., 543; 4 Mich., 557; 11 N. Y., 392.*

In the case of *Humphries v. Armstrong County, 56 Pa. St. R,. 204,* cited by appellants, the question here raised does not seem to have been passed upon. It may be observed, however, that the statute of that State makes it an imperative duty for the county to repair all bridges in the county.

Numerous decisions have been cited by appellant's counsel, wherein cities and municipal corporations have been held liable. It must be borne in mind, however, that municipalities are usually created by express charter, in which the State parts with a portion of her sovereignty, and grants them large powers of self-government; larger powers of acquiring and controlling corporate property are conferred than on counties;

· special and peculiar priviliges are given them as to streets and public ways, and special authority given for the use of public ways for the convenience of the citizen, unknown elsewhere. The benefits conferred raise an implied promise of the corporation to fulfill every corporate duty and obligation. The assumption of corporate powers by a municipality is voluntary. In this respect they assimilate a private corporation; and, having accepted a valuable franchise on the condition of the performance of certain public duties, are held to contract by the acceptance, for the performance of those duties.

There is no statute in this State rendering counties liable in actions sounding in *tort*, and the circuit court did not, therefore, err in overruling appellants's demurrer.

Judgment affirmed.