JOHN FLYNN, et al., as Commissioners of Highways, etc., *v.* ALBERT J. HURD, as Commissioner of Highways, etc., Appellant.

In an action brought by the commissioner of highways of the town of H. against the commissioners of highways of the towns of W. C. and C. to recover back moneys, alleged to have been paid by plaintiff in repairing a bridge between said towns, in excess of the proportion of plaintiff's town; it appeared that the stream crossed by the bridge divided the town of H. from the towns of W. C. and C., and that the commissioners of the three towns worked together in making the repairs; it was understood that plaintiff was to pay one-half of the expense and the commissioners of the other two towns each one-fourth; after the repairs were completed, the three commissioners accounted with each other and a final adjustment of accounts was had on the basis above stated; they respectively submitted their accounts for audit and upon their being audited, each commissioner was reimbursed by taxes collected from his town. *Held*, that conceding each town should have paid one-third of the expense, the error on the part of plaintiff was one of law and not of fact and the overpayment made by him could not be recovered back; that when plaintiff

exceeded the proportion of the expense with which he was authorized to burden his town his act was individual and not official and the rule as to voluntary payments applied ; that the town could not by subsequently reimbursing him alter or affect the legal status of the parties as it existed prior to such reimbursement.

Also *held,* that the action was not maintainable because the requirements of the statute establishing the precedent condition upon, which the liability of a town for the repair of a bridge is enforceable had not been complied with.

The duty to repair does not alone in such case authorize the making of the repairs by the commissioners of one of two towns jointly liable and the maintenance of an action against the commissioner of the other town to recover its proportion; it must appear that notice was given as prescribed by statute (§ 3, chap. 225, Laws of 1841, as amended by chap. 383, Laws of 1857), and that the commissioner notified did not within the time prescribed consent or did not unite in making the repairs.

(Argued October 28, 1889; decided December 10, 1889.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 4, 1886, which affirmed a judgment in favor of plaintiffs, modified and affirmed as modified a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought to recover back money alleged to have been paid by plaintiff in repairing a bridge in excess of his proportionate share of plaintiff's town.

The referee found among other facts that the Hoosick river divides the towns of Hoosick, in Rensselaer county, from the towns of Cambridge and White Creek, in Washington county. That a bridge forming part of a public highway extended across said river from the town of Hoosick to the towns of Cambridge and White Creek. The dividing line between the two last mentioned towns ·being the center of the highway and bridge on the Washington county side of the river. That in the summer of the year 1879 the commissioners of highways met and determined to repair said bridge. That subsequently and prior to the first day of November of that year they duly and lawfully caused the necessary repairs to be made to the satisfaction of the commissioners of highways of said towns. The total cost thereof was $2,076.81. The

commissioners of highways of the town of Hoosick paid out and disbursed for materials and labor the sum of $1,026.28. The commissioner of the town of White Creek paid out the sum of $550,78, and the commissioner of the town of Cambridge, $499,75 for a like purpose. When the repairs were completed the several commissioners accounted with each other, the Hoosick commissioners assuming and paying what was then understood and agreed to be one-half, and the other commissioners each what was then understood and agreed to be one-quarter of the net expenses. No part of the moneys expended by the plaintiff in making the repairs came to or went through the hands of the commissioner of highways of Cambridge; and only two items of Hoosick's funds came to the hands of the White Creek commissioner; one placed in his hands for the purpose of paying a certain designated bill, and the other in payment of balance on final settlement. That during all the time the repairs were being made, up to and including the final settlement, the commissioners of highways of each of the Towns supposed that under the law one-half of the expenses of the repairs was to be defrayed by the Hoosick commissioners, and one-quarter thereof by the commissioner of each of the towns of White Creek and Cambridge. That the commissioners of these towns had a settlement and accounting of such expenditures with full knowledge of all the facts, and mutually agreed upon the amount thereof, and the amount to be paid by each, and the same was paid accordingly. That the original defendant commissioners did their full duty to the public in providing the repairs in question and did not refuse to unite in making the repairs but did so unite.

Further facts are stated in the opinion.

*Nathaniel C. Moak* for appellant. Chapter 225 of the Laws of 1841, as amended by chapter 383 of the laws of 1857 (788–790), does not apply to the case at the bar. (*Oakley* v. *Marnaroneck*, 39 Hun, 448; *People* v. *Town Auditors*, 75 N. Y. 319.) The complaint does not state, nor does the referee

find, facts sufficient to show that defendant's town is, or ever was, liable with the other towns, or otherwise, to make or maintain the bridge in question, or any part of it. It does not state facts sufficient to bring the defendant within the provisions of the act of 1841, as amended in 1857. (2 R. S. [7th, ed.]; 1259 *Beckwith* v. *Whalen,* 65 N. Y. 325; 70 N· Y. 433; 434; 4 Abb. L. J. 38 Town of Galena, C. & R. P. R. Co. 27 Barb. 551, 552; *People* v. *Bd. of Super.,* 93 N. Y. 397, 401, 402, 403; Laws of 1837, chap. 51; Laws of 1837, chap. 214; Laws of 1838, chap. 254; Laws of 1839, chap. 291; Laws 1840, chap. 343; *People* v. *Town Auditors,* 75 N. Y. 319; *City of Buffalo* v. *Holloway,* 7 id. 493, 498.) But conceding that under the acts of 1841 and 1857, and the *Lapham case,* the three towns were once, or formerly, jointly and equally liable to maintain the bridge, it was within the power of the legislature to change, or remove, either the liability, or the *proportion* of liability. (*Dash* v. *Vankleek,* 7 John 496–7; *Harrington* v. *Trustees,* 10 Wend. 547; *Roosevelt* v. *Godard,* 52 Barb. 534; *People* v. *Brooklyn,* 69 N. Y. 605; *Hackmann* v. *Pinkney,* 81· id. 211; Laws 1875, § 1; *People* v. *Super,* 1 Hill, 53; *Landers* v. *F. S. M. Church,* 97 N. Y. 119, 124; *Potter* v. *Greenwich,* 2 Hun, 333.) The action by town officers against town officer is wholly unauthorized by any allegation in the complaint or finding of the referee. (1 R. S. [7th ed.], 840, § 2; *Cornell* v. *Guilford,* 1 Den. 511; *Hathaway* v. *Cincinnatus,* 62 N. Y. 447–8; *Marsh* v. *Little Valley,* 64 id. 115–16; *Horn* v. *New Lots,* 83 id. 105–7; *Sutherland* v. *Carr,* 85 id. 111, 112; *Bridges* v. *Bd. of Super.* 92 id. 570; *Biddleman* v. *State,* 110 id. 232; 31 Hun, 511, 512.) The complaint, the proof and facts found show that the moneys claimed were *voluntarily* paid, and there is no allegation that they were paid under agreement, or promise, or by request, nor under fraud, or mistake, nor by compulsion, or necessity. (*Siliman* v. *Wing,* 7 Hill, 159; *Mowatt et al.* v. *Wright,* 1 Wend. 355; *Supervisors* v. *Briggs,* 2 Den. 26, 39; *Doll* v. *Earle,* 65 Barb., 298; ·*N. Y. & H. R. R. Co.* v. *Marsh,* 12 N. Y. 308; *Flower* v. *Lance,* 59 id. 603; 31 Hun, 508; *Lyon* v.

*Richmond*, 2 Johns. Ch. 51, 60; *Champlin* v. *Layton*, 18 Wend. 407; *Jacobs* v. *Morange*, 47 N. Y. 60; *Bilbe* v. *Lumeey*, 2 East. 183; *Clarke* v. *Dutcher*, 9 Cow. 674; *Broom* v. *Chesterville*, 63 Me. 241; *McCoy* v. *Lord*, 19 Barb. 18; *Wyman* v. *Farnsworth*, 3 id. 369; *Vanderbeek* v. *Rochester*, 46 Hun, 87, 91; *Carr* v. *Steward*, 58 Ind. 581, 584; *St. Louis* v. *Mathers*, 104 Ill. 257, 261; *Bryant* v. *Clark*, 45 Vt. 483; *Nat. Bk.* v. *Super.*106 N. Y. 492–493; *Hill* v. *Super.*, 12 id. 57; *Bidwell* v. *Murray*, 40 Hun, 193; *Biddleman* v. *State*, 110 N. Y. 235; *Ward* v. *Southfield*, 102 id. 295; *Gailor* v. *Herrick*, 42 Barb. 85; *Onderdonk* v. *Brooklyn*, 31 id. 505, 507; *Rochester* v. *Rust*, 80 N. Y. 303, 302, 311; *People* v. *Board of Supervisors*, 93 id. 403; *Rector* v. *Mayor, etc.*, 10 How. Pr. 138; *N. Y. & H. R. Co.*, v. *Marsh*, 12 N. Y. 309; *Flower* v. *Lance*, 59 id., 604; *Super.* v. *Briggs*, 2 Den. 26; *First National* v. *Lamb*, 57 Barb. 434; *Almy* v. *Harris*, 5 Johns. 175; *Dudley* v. *Mayhew*, 3 N. Y. 9, 15; *Campbell* v. *Grooms*, 101 Penn. St. 481, 484; *Nat. B'k* v. *Super.*, 106 N. Y. 492, 493; *People* v. *Everett*, 93 id. 397.) The facts expressly found by the referee, upon sufficient proofs, require judgment for defendant. (*Swinger* v. *Raymond*, 83 N. Y. 199; *Brownell* v. *Griswold*, 89 id. 127; *People ex rel.* v. *Super.* 93 id. 397, 403; *People ex rel.* v. *Town Auditors*, 74 id. 311, 314, 315; 75 id. 316; *Super.* v. *Birdsall*, 4 Wend. 460; *People* v. *Stephens*, 71 N. Y. 527; 52 id. 306; *Curnew* v. *Mayor, etc.*, 79 id. 511; *Gifford* v. *Town of White Plains*, 25 Hun. 606; *Super.* v. *Birdsall*, 4 Wend. 453; *Parr* v. *Village of Greenbush*, 112 N. Y. 246; *Lockwood* v. *Thorn*, 11 id. 170; *Johnson* v. *Hartshorn*, 52 id. 178; *Horn* v. *Town of New Lots*, 83 N. Y. 105, 107; *Smith* v. *Wright*, 27 Barb., 621; *Hines* v. *City of Lockport*, 50 N. Y. 238; *Cornell* v. *Guilford* 1 Den. 511; *Albro* v. *Rood*, 24 Hun, 74; *Hathaway* v. *Cincinnatus*, 62 N. Y. 447; *Sutherland* v. *Carr*, 85 id. 111.

*R. A. Parmenter* for respondent. The action was properly brought by the commissioners of highways of the town of

Hoosick in their official capacity against the commissioner of highways of the town of White Creek, in his official capacity. (*Supervisor* v. *Stimson,* 4 Hill, 136 ; *Overseers, etc.* v. *Overseers, etc.,* 18 John. 407 ; *Todd* v. *Birdsall,* 1 Cow. 260 ; *People* v. *Super.* 32 N. Y. 477 ; *Looney* v. *Hughes,* 26 id. 516 ; *Com.* v. *Peck,* 5 Hill, 215 ; *Victory* v. *Blood,* 25 Hun, 517 ; Code Civ. Prc. §§ 1926, '1927, 1930, 3356, art. 2, title 5, chap. 15.) Under the Revised Statutes and under chapter 225 of the Laws of 1841, as amended by chapter 383 of the Laws of 1857, the duty of repairing public bridges is clearly imposed on the town to be discharged by the commissioners of highways. (*Hill* v. *Bd. of Super.,* 12 N. Y. 52 ; *Phelps* v. *Hawley,* 52 id. 23–27 ; Thompson on Highways, [Mills ed.] 91, 350, 354 ; *Beckwith* v. *Whalen,* 70 N. Y. 430–434 ; *People ex rel.* v. *Super.,* 68 id. 118 ; *Day Com.* v. *Day Com.,* 94 id. 153 ; *Spier* v. *Com.* 20 N. Y. S. R. 392–393 ; *People ex rel.* v. *Com.,* 63 id. 472 ; *Lapham* v. *Rice,* 55 id. 472 ; *Beckwith* v. *Whalen,* 65 id. 327, 328 ; 70 id. 434, 437 ; *Theal* v. *Yonkers,* 31 Hun, 267 ; *Harris* v. *Houck,* 57 Barb. 619 ; Thompson on Highways [Mill's ed.] 364–5.) There is no force in the plaintiff's argument that the act of 1841, as amended by chapter 383, Laws of 1857, was appealed or superceded by the statute of April 15, 1857, known as chapter 639, Laws of 1857. (*Beckwith* v. *Whalen,* 65 N. Y. 327, 328, 329.) The remedy provided in the act of 1857 and amendment thereof is merely cumulative, and not having been invoked by the towns interested nor provided by the board of supervisors of either county in which the bridge was located, the powers and duties imposed on the towns and highway commissioners remain in full force. (*Day* v. *Day,* 94 N. Y. 153.) The action could not have been maintained against the town in its corporate name. (*Morey* v. *Town of Newfane,* 8 Barb. 645 ; *People ex rel* v. *Town Auditors,* 74 N. Y. 315 ; *Lorillard* v. *Town of Monroe,* 11 N. Y. 392 ; *People ex rel* v. *Town Auditors,* 75 id. 316, 319 ; *Donnelly* v. *Town of Osiing,* 18 Hun. 352 ; *Day* v. *Day,* 94 N. Y. 153.) The action was not maintainable in the name of the supervisors of the town of

Hoosick. (*Hoosick* v. *Rogers*, 25 Wend. 313, 354; *Harden-burgh* v. *Crary*, 50 Barb. 32, 34; *Bell* v. *Day*, 32 N. Y. 185-6.) The referee's findings of the fact established the plaintiff's cause of action and he therefore committed no error in refusing to dismess the complaint. (*Rheel* v. *Hicks*, 25 N. Y. 289, 292; *Gaylor* v. *Herrick*, 42 Barb. 86-7; *Brewster* v. *Striker*, 2 N. Y. 19, 41; *Nathey* v. *Graves*, 19 Conn. 548; *Moses* v. *MacFarlane*, 2 Burr. 1002; *Kingston Bank* v. *Eltinge*, 40 N. Y. 391, 395; *U. Nat. Bank* v. *S. Nat. Bank*, 43 id. 450.) The defendant's point that the action cannot be maintained because the plaintiffs did not give the defendant twenty days' notice in writing of the necessity for the repairs to the bridge is unavailing. There was no necessity for such notice and if there had been it could have been waived and was waived. (*Day* v. *Day*, 94 N. Y. 160; *People ex rel* v. *Albright*, 23 How. Pr. 310; *People ex rel* v. *Com.*, 24 Wend. 367, 369. Nor were the plaintiffs under the statute of 1841, as amended in 1859 required to bring a joint action against the highway commissioners of the towns of Cambridge and White Creek, (Laws 1857-82). (*Harris* v. *Houck*, 57 Barb. 619.

PARKER, J. Assuming but not deciding the existence of a liability on the part of the towns of Hoosick, Cambridge and White Creek, to maintain the bridge in question, and that because of such liability the statute imposed upon each of said towns the duty and obligation of bearing one-third of the expense thereof, we are nevertheless of the opinion that plaintiff cannot prevail in this action.

The recovery sought to be upheld, is not for moneys paid to the defendant, but for moneys paid by the plaintiff to other parties in excess of the sum he was legally bound to pay. Each commissioner was legally obligated to pay one-third of the expense of the repairs. They however did not so interpret the statute. According to their understanding of their respective obligations the duty of Hoosick's commissioner was to pay one-half, and the commissioners of each of the other towns one-fourth. What they understood to be

their legal duty each of them did. The plaintiff paid out for materials and labor one-half of the total expense. Subsequently they accounted to and with each other and adjusted their accounts on that basis. The board of town auditors of each town audited the accounts of their respective commissioners, and thereafter they were reimbursed from moneys levied and collected from the taxable property of the town. The excessive payment made by the plaintiff was not made at defendant's request. It was not induced by any fraud or improper conduct on the part of the defendant, but on the contrary, was made with full knowledge of all the facts and circumstances growing out of and connected with the repair of the bridge. The error on the part of the plaintiff was one of law, not of fact. In the words of Judge BRONSON in *Silliman* v. *Wing*, (7 Hill, 159,) the plaintiff commissioner "settled for himself a question of law and concluded to pay the whole amount * * * I take the general rule to be well settled that money paid under such circumstances cannot be recovered back."

Judge DANFORTH, in *National Bank* v. *Board of Supervisors* (106 N. Y. 488.) states the rule as follows: "No person can make himself a creditor of another by voluntarily discharging a duty which belonged to that other; and no obligation can be implied in law from a voluntary payment of the debt of another, without his request, by one who is under no legal liabilty or compulsion to make it."

This doctrine has been frequently asserted and is well settled. (*Mowatt* v. *Wright*, 1 Wend., 355; *Vanderbeck* v. *Rochester*, 46 Hun, 87; *Supervisors of Onondaga Co.* v. *Briggs*, 2 Denio, 26; *Doll v. Earle*, 65 Barb. 298.)

The rule was applied to a corporation seeking to recover back moneys paid by one of its officers for an illegal tax. (*N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308.)

It was held to apply to a guardian, who under a mistake of law paid out the money of his ward. (*Flower* v. *Lance*, 59 N. Y. 609.)

No reason suggests itself for refusing to apply the doctrine

to a commissioner of highways under the circumstances here disclosed. Plaintiff was not an agent of the town possessing generally authority to disburse its moneys. He did not have the power to represent or affect the town otherwise than in the manner provided by statute. The statute did not confer upon him the authority to burden his town with a greater proportion of the expense of repair than one-third. He could not have enforced reimbursement from the town of Hoosick for the excess. When he exceeded the statutory limit the act was individual and not official. Such act subjected him, in respect thereto, to the legal application of the rule relating to voluntary payments. The town could not, and did not, by subsequently reimbursing the plaintiff in the amount expended by him in excess of his authority, alter or effect the legal status of the parties as it existed prior to such reimbursement.

Again, the action is not maintainable because the requirements of the statute establishing the precedent condition upon which the liability of a town is created and enforcable has not been complied with. By means of a judgment, declared to be rendered against the defendant commissioners of highways in his official capacity the plaintiff seeks to enforce the payment of a sum of money, claimed to have been expended for the benefit of defendant's town. In the administration of the highway system, the commissioner of highways is an independent public officer, exercising public power and charged with public duties, specially prescribed by law. While acting in that capacity, by virtue of powers conferred by statute he proceeds independently of any direction on the part of the town. On the other hand, he is without power to represent or affect the rights of the town in any other manner than prescribed by statute. (*People ex rel. v. Board of Supervisors*, 93 N. Y. 397.)

Previous to the enactment of chapter 700 of the Laws of 1881, towns were exempt from the burden of any general duty in respect to roads and bridges. Neither were the highway commissioners charged with any duty unless provided with

funds by their towns, or especially commanded and empowered by statute. (*Town of Galen* v. *C. & R. P. R. Co.*, 27 Barb. 543.)

The imposition of liability upon towns for the repair of roads and bridges in any other manner than provided by statute, is contrary to the settled policy of the law, and not permissible. (*People ex rel.* v. *Board of Supervisors, supra.*)

A commissioner of highways is powerless to burden the town he represents beyond the statutory limitations. Certainly he cannot affect the rights and obligations of other towns unless the statute so provides. When it does so provide, he may, if he follows the letter and spirit of the statute, but not otherwise. Had this plaintiff repaired the bridge without giving any notice to the other towns, would it have been urged for a moment that an action could be maintained against the other towns for two-thirds of the expense? Assuredly not, because the commissioner of highways of one town can not create a liability on the part of another town, except he obey the statutory conditions which authorize it. The court below, in its argument supporting the liability of defendant, said that one commissioner had no right to " contribute more than one-third of the expense, and to contribute less was the non-performance of the full duty.     *     *     *     It was not the less the non-performance of a legal duty on the part of those who paid too little, because made through their mistake of the law. The obligation remained to perform the unperformed duty, and the way to perform that obligation was to be found by paying the money to the officer whose receipt of it would be effectual to discharge it, namely, to the commissioner of the town of Hoosick. His right to receive was the reciprocal of their right to pay, and when they refused to do this duty, an action accrued to him to whom the duty was due, to enforce it." It will be observed that the argument quoted is not applicable to the case suggested, because, while it is true the duty to unite in making the repairs exists, the liability to respond to the commissioner making them is nevertheless dependent upon the giving of the notice required by statute.

It is obvious, therefore, that the duty to repair does not of itself authorize the maintenance of an action.

The right of recovery is further made dependent upon the performance or non-performance of certain statutory conditions. The conditions precedent to the maintenance of such an action, are provided in section 3 of chapter 225 of the Laws of 1841, as amended by chapter 383 of the Laws of 1857, which reads as follows: " If the commissioners of highways of either of such towns, after notice in writing from the commissioners of highways of any other of such towns, shall not within twenty days give their consent in writing to build or repair any such bridge, and shall not within a reasonable time thereafter do the same, it shall be lawful for the commissioner so giving such notice to make or repair such bridge, and then to maintain a suit at law in their official capacity against said commissioners so neglecting or refusing to join in such making and repairing."

It is apparent, from the section quoted as we have already observed, that if a commissioner repair a bridge, without giving notice to the commissioners of the towns jointly liable, he cannot recover their proportion of the expense because of his failure to comply with the requirements of the statute. So, too, if the commissioners notified consent to the making of the repairs, and thereafter unite in their making, he cannot maintain an action, because their compliance with the statute deprives him of a basis for its maintenance.

The referee has found, as a fact, that the original defendant commissioner " did not refuse to unite in making the repairs, but did so unite," and that he " did his full duty to the public in providing the repairs in question."

The evidence did not permit a different finding in that respect. It is undisputed that the three commissioners worked together until the repairs were completed. Each paid in behalf of his town for labor and materials. The plaintiff paying one-half, and the commissioners of the other towns each one-fourth. That which they mutually regarded to be their duty under the law they did. After a final adjustment of

their accounts on such basis they respectively submitted their accounts for audit. The accounts as presented were audited and each of the commissioners were thereafter reimbursed by taxes collected from such towns.

In view of the finding that the defendant did unite in making the repairs, and that he did his full duty in that respect it is obvious that the court cannot give to a voluntary payment made by one of the commissioners with full knowledge of all the facts the force and effect necessary to over-ride such finding. There cannot be predicated upon such fact, under the circumstances proven to have existed, a holding that the defendants neglected to repair.

It follows that the liability of the defendant in this action has not been established.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur, except POTTER, J., not sitting.

Judgment reversed.