DWIGHT, P. J., and HAIGHT, J., concurred.

Decree of the Surrogate's Court of Allegany county appealed from affirmed, without costs of this appeal to either party.

---

In the Matter of the Application of THE HIGHWAY COMMISSIONERS OF THE TOWN OF NIAGARA to have Flagmen Placed at Certain Crossings.

*Flagmen at a railroad grade crossing — application therefor by town commissioners of highways — requisites of the petition — Railroad Law, 1892, chap. 676, § 33.*

The designation of the petitioners as "highway commissioners" of a certain town, instead of the statutory designation of "commissioners of highways," is a sufficient description of the official character of the persons named, in a petition to compel a railroad company to place flagmen at certain grade crossings in the town, under section 33 of the Railroad Law (Laws of 1892, chap. 676), which provides that "at any point where a railroad crosses a  *  *  *  highway  *  *  *  at grade, and the corporation owning or operating such railroad refuses, upon request of the local authorities, to station a flagman or erect gates, to be opened and closed when an engine or train passes, the Supreme Court or the County Court may, upon the application of the local authorities, and upon ten days' notice to the corporation, order that a flagman be stationed at such point, or that gates shall be erected thereat,  *  *  *  "

The omission of the individual names of the commissioners in the title of such a petition is of no importance, when they are individually named in the body of the petition and in the verification.

When the town in which the crossings are stated to be situated, and of which the petitioners are stated to be the highway commissioners, is designated in the petition as of a certain county in the State of New York, the County Court of that county will, on presentation of such petition, take judicial notice of the correctness or otherwise of such designation of the town, and of its existence as a political division of the county.

The allegation, in such a petition, that the petitioners are the highway commissioners of the town, is sufficient to show that they are "the local authorities," within the meaning of the statute, entitled to proceed under the statute.

When such a petition describes the highway crossings in question as being in the town of which the petitioners are the commissioners of highways, it will be presumed that the highway is within the jurisdiction of such commissioners ; it will not be presumed that there are any villages in the town, and the petition need not allege that the highway is not within the jurisdiction of any village. A petition under the above statute need not allege any facts which the statute does not require to be shown, in order to give the court jurisdiction of the application, and to entitle the petitioners to the remedy provided ; hence, the petition need not state facts to show that the crossing is dangerous, beyond the fact that it is a grade crossing.

APPEAL by the New York Central and Hudson River Railroad Company from an order of the County Court of Niagara county, entered in the office of the clerk of that county on the 8th day of April, 1893, denying its motion to dismiss the petition of the highway commissioners of the town of Niagara.

*D. H. McMillan*, for the appellant.

*Eugene Cary*, for the respondents.

DWIGHT, P. J. :

The application was made under section 33 of chapter 676 of the Laws of 1892 by the highway commissioners of the town of Niagara, in the county of Niagara, to compel the appellant to station flagmen or to erect gates at two crossings by its tracks of a highway of that town, known as the River road. The particular provision of the statute referred to is in the following terms : "At any point where a railroad crosses a  *  *  *  highway  *  *  * at grade, and the corporation owning or operating such railroad refuses, upon request of the local authorities, to station a flagman or erect gates, to be opened and closed when an engine or train passes, the Supreme Court or the County Court may, upon the application of the local authorities, and upon ten days' notice to the corporation, order that a flagman be stationed at such point, or that gates shall be erected thereat, and that a person be stationed to open and close them when an engine or train passes, or may make such other order respecting the same as it deems proper."

The application in this case was made to the County Court by the verified petition of three persons who were named in the introductory clause, and described as the " highway commissioners of the

town of Niagara, Niagara county, N. Y." The petition was also signed in the names of the same three persons as highway commissioners, etc., and was verified by them. The allegations of the petition were, in substance : (1) That the petitioners were the highway commissioners of the town of Niagara; (2) that the New York Central and Hudson River Railroad Company was a domestic railroad corporation and was operating its road through the said town of Niagara; (3) that said railroad crossed the highway, above mentioned, at grade, at two points in said town particularly described ; that there were no flagmen or gates or other means of protection at those points of crossing, and that such crossings were dangerous for the passage of persons and vehicles; (4) that the petitioners had requested said railroad company to station flagmen or erect gates at those crossings and that said company had refused to do so ; and the prayer of the petition is for the relief prescribed by the statute above quoted.

Due notice in writing was given to the railroad company of the time and place at which the application would be made to the County Court on the petition, a copy of which was served with the notice, and the notice, as well as the petition, particularly described the location of the two crossings in question.

At the time mentioned in the notice the railroad company appeared " specially " by its attorney, and moved to dismiss the petition " on the ground that it does not set forth facts sufficient to give the court jurisdiction, or to entitle the petitioners to the relief authorized by the statute ; " and on the more particular grounds, in substance, as follows : (1) That there is no such office in the town as that of " highway commissioners," and that the petitioners are not named individually in the title to the proceeding ; (2) that the petition does not show that the town of Niagara is a political division of the county of Niagara; (3) that it does not show that the petitioners are the " local authorities " of the town, or that the crossings in question are within their jurisdiction, and not within the jurisdiction of some village of the town ; (4) that it does not show that the local authorities made the request of the railroad company required by the statute ; (5) that it does not set forth any facts tending to show that the crossings are dangerous or in what particular

they are so ; (6) that it does not set forth facts sufficient to inform the court of the character and surroundings of the crossings, so that it may exercise an intelligent discretion in the matter. The court denied the motion to dismiss the petition on the grounds stated, and gave the railroad company ten days in which to file an answer thereto ; and from that order this appeal was taken.

We think it may well be questioned whether the order was appealable since it was not a final order nor one, of itself, affecting a substantial right, but was, rather, a ruling of the court on a question arising in the course of the hearing, which ruling may be reviewed on appeal from the final order. But counsel for the appellant urge that the motion was in the nature of an oral demurrer, and that the appearance by them was special for the purpose of making that motion only, and with the view of making the present a test case under the new statute. We have decided to entertain the appeal — especially as the objection is not made on the part of the respondent — and for the reasons stated we are disposed to give more detailed consideration to the several grounds of the motion than we should otherwise feel called upon to do.

And, *First*, it is true that the statutory designation of those officers of the town who are charged with the care of its highways is " commissioners of highways," and not "highway commissioners; " but the latter is the more common designation in popular use. Its use in this petition was a sufficient description of the official character of the persons named, and could have misled no one. The omission of the individual names of the commissioners in the title to the petition was, of course, of no importance when they were individually named both in the body of the petition and in the verification. *Second*, the town of Niagara is twice designated in the petition as of the county of Niagara and State of New York, and it was, no doubt, the privilege and the duty of the County Court of that county to take judicial notice of the correctness, or otherwise, of that designation. All the courts of the State take judicial cognizance of its statutes by which counties, towns, cities and villages are created. (*Wood* v. *The People*, 1 Hun, 381.) *Third*, the petition expressly alleges that the petitioners are the highway commissioners of the town ; such commissioners are certainly local authorities of the town, and, we think, they may be fairly regarded as *the* local authori-

ties within the meaning of the statute in question for the reason that they are the authorities who are particularly charged with the care of the highways of the town. There is no presumption that there are any incorporated villages in the town of Niagara, and a highway within the boundaries of the town will be presumed to be within the jurisdiction. of the commissioners of highways. *Fourth*, this objection is embraced in the last. The petition does show that the request was made by the highway commissioners, and we hold that they are the local authorities within the meaning of the statute. *Fifth*, this is the objection of most importance of those made to the petition. It is, in effect, that the petition does not state facts to show that the crossings are dangerous, but only the conclusion that they are so; and counsel in his argument characterizes the allegation as a conclusion of law. It undoubtedly is a conclusion of fact, but as such we think it a sufficient allegation to meet the requirements of the statute. That statute is exceedingly general and comprehensive in its terms. It requires only that there should be a *crossing at grade*, an absence of flagmen or gates, a request for one or the other by the local authorities, a refusal by the railroad company, and an application to the court on a notice of ten days. It does not even require a petition, at all, nor prescribe any particular mode in which the application shall be made. But it may be conceded that a petition, or its equivalent, is necessary in order to present the case to the court and that such petition must contain all the allegations necessary to bring the case within the conditions prescribed by the statute. But certainly the petition need do no more. It need not allege any facts which the statute does not require to be shown in order to give the court jurisdiction of the application, and entitle the petitioners to the remedy provided. It will be seen that there is no requirement that the crossing should be shown to be a dangerous one, beyond the fact that it is a crossing at grade, and it is undoubtedly true, as the experience of many years in this country has demonstrated, that all crossings at grade are, in a greater or less degree, dangerous.

The sixth objection to the petition is substantially the same, in effect, as the fifth, and it points to no particular in which the petition fails to meet the requirements of the statute.

It was undoubtedly the intention of the Legislature to give a

wide discretion to the courts named in the matter of requiring needed safeguards against the dangers which are inherent in the " grade crossing," and while that discretion must be wisely exercised with a view to the necessities of railway traffic as well to the safety of the public highways, the beneficent purpose of the statute will not be thwarted by the imposition of requirements and conditions which are not prescribed by the statute itself.

We are clearly of the opinion that none of the objections to the petition in this case are well taken, and that the order denying the motion to dismiss must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order of the County Court of Niagara county appealed from affirmed, with ten dollars costs and disbursements, and proceedings remitted to that court to proceed therein.