In the Matter of the Petition of the HIGHWAY COMMISSIONERS OF THE TOWN OF ISLIP for a Gate or Flagman at a Street Crossing in Sayville.

*Order directing the maintenance of an electric bell signal at a railroad crossing.*

At the crossing of a railroad with a street, a person going north could hear a train coming from the west for a short distance only, and could not, by reason of a curve in the tracks, see a train coming from the east until he got close to the crossing, unless, knowing just where to look, he looked between houses. In the summer, in addition to buildings which obstructed the view of the tracks, there were trees, which almost wholly concealed from view all trains approaching from the west.

*Held,* that the proof abundantly justified an order directing such railroad to maintain an electric signal bell at the intersection of its road and such street.

APPEAL by the Long Island Railroad Company from an order of the County Court of Suffolk county, entered in the office of the clerk of the county of Suffolk on the 14th day of August, 1893, directing said company to erect and maintain in good order an electric signal bell at the intersection of its railroad with Railroad avenue in the village of Sayville in the town of Islip.

The highway commissioners of the town of Islip presented a petition to the County Court of Suffolk county, which alleged that a request, in writing, had been presented to the superintendent and to the president of the Long Island Railroad Company asking them to station flagmen or to erect gates at specified railroad crossings which crossed at grade certain highways in the town of Islip; that the railroad company had neglected and refused to comply with such request in any particular although ample time had elapsed for them to do so, and that great danger was threatened to life and property through the failure of the company to comply with such request.

The relief asked for was an order directing the Long Island Railroad Company to station flagmen at all of such crossings, or to erect gates thereat, and to place a person at each gate to open and close the same when an engine or train should pass, or for such order as should seem proper to the court.

The answer of the Long Island Railroad Company denied that great danger was threatened to life and property through its failure to comply with the requests of the petitioners, and alleged that there was no necessity for flagmen or gates at such crossings, and that travelers on the highways approaching its tracks at such crossings could observe the approach of trains by the exercise of due care, and that there was no necessity for additional safeguards at such points.

*William J. Kelly*, for the Long Island Railroad Company, appellant.

*Timothy M. Griffing*, for the petitioners, respondents.

BARNARD, P. J.:

The petition of the commissioners of highways of the town of Islip asks that flagmen be stationed by the Long Island Railroad Company at various points in the town of Islip where the tracks of the railroad cross the highways of the town on grade, under section 33 of the General Railroad Law (Chap. 565 of the Laws of 1890). The court ordered a flagman at the point where the railroad crosses Railroad avenue in the village of Sayville. The court also made an order that the railroad company keep a flagman at the junction of the railroad tracks and the highway called Second avenue in Bay Shore; and that the company erect and maintain a signal bell at the intersection of the railroad track with Fifth avenue in Bay Shore village. The appeal is from both these orders. The proof shows that at the crossing of Railroad avenue, Sayville, a traveler going north can hear a railroad train coming from the west but a short distance. One cannot see the train coming from the east until one gets close to the crossing. A person who knows the locality can look between houses if he knows just where to look, otherwise not. One cannot see to the east on the railroad track by reason of a curve in the road. In the summer, besides the buildings which obstruct the view, there are trees which

almost wholly destroy all view of the railroad trains approaching from the west.

The proof abundantly sustained the order as to Railroad avenue, Sayville, and the order should be affirmed, with costs and disbursements.

Pratt and Dykman, JJ., concurred.

Order affirmed, with costs and disbursements.

---

In the Matter of the Application of The Highway Commissioners of the Town of Brookhaven for Flagmen at Street Crossings in Patchogue.

*Order that an electric bell signal be erected at a railroad crossing — facts authorizing such order.*

Section 33 of the General Railroad Act (Chap. 565 of 1890) is broad enough to authorize the County Court, in a proper case, to order an electric bell signal to be erected and maintained where a railroad passes over a highway at grade.

A street was crossed by a railroad at grade at an acute angle, and it was with great difficulty that one going east could see a west-bound train, and east-bound trains were still more dangerous to travelers. The station signals when given could not be heard, and they were not always given. The view of the track of one coming in the same direction as the train was for a very short and varying distance, and the street was a crowded one.

*Held,* that while the proof showed that persons of extreme prudence and caution might escape accident, a direction by the County Court that an electric bell signal be erected and maintained at such crossing was proper.

Appeal by the Long Island Railroad Company from an order made by the County Court of Suffolk county and entered in the office of the clerk of the county of Suffolk on the 14th day of August, 1893, directing said company to erect and maintain an electric signal bell at the intersection of its railroad with Main street, east of the village of Patchogue in the town of Brookhaven.

The highway commissioners of the town of Brookhaven presented a petition to the County Court of Suffolk county, which alleged that a request, in writing, had been presented to the general manager and to the superintendent of the Long Island Railroad Company, asking that company to station flagmen or to erect gates