[6] The classification in question depends upon a legal construction as to whether the case under examination here is a confidential position. That is a question of law, and it is not within the discretion of the State Civil Service Commission. That is a question for the courts.

The position in question is not in my opinion of a confidential character requiring an exception under the law.

The application for a peremptory writ of mandamus is granted.

---

## LOCAL AUTHORITIES OF TOWN OF PAWLING v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.   May 12, 1911.)

RAILROADS (§ 243*)—GRADE CROSSINGS—FLAGMEN—PETITION—"LOCAL AUTHORITIES."

The term "local authorities," within Railroad Law (Laws 1890, c. 565) § 33 (Consol. Laws 1910, c. 49, § 53), providing that where a railroad crosses a highway at grade, and the railroad company refuses, on request of the local authorities, to station a flagman there, the Supreme Court may, on application of the local authorities, order one stationed there, means the officer particularly charged with the care of the highway, who, under Town Law (Consol. Laws, c. 62) § 80, as amended by Laws 1909, c. 491, § 1, is the superintendent of highways.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 243.*

For other definitions, see Words and Phrases, vol. 5, p. 4205.]

Rich and Hirschberg, JJ., dissenting.

Appeal from Special Term, Dutchess County.

Proceeding by the Local Authorities of the Town of Pawling against the New York, New Haven & Hartford Railroad Company. From an adverse order, defendant appeals. Reversed, and proceeding dismissed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Walter C. Anthony, for appellant.
C. Morschauser, for respondents.

BURR, J. The vital question in this case is as to the meaning of the words "local authorities" in section 33 of the railroad law. Laws 1890, c. 565 (Consol. Laws 1910, c. 49) § 53. Among other things this section provides as follows:

"At any point where a railroad crosses a street, highway, turnpike, plank road, or traveled way at grade, or where a steam railroad crosses a horse railroad at grade, and the corporation owning or operating such railroad, refuses, upon request of the local authorities, to station a flagman or erect gates, to be opened and closed when an engine or train passes, the Supreme Court or the County Court may, upon the application of the local authorities and upon ten days' notice to the corporation, order that a flagman be stationed at such point, or that gates shall be erected thereat, and that a person be stationed to open and close them when an engine or train passes, or may make such other order respecting the same as it deems proper."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This statute requires that the "local authorities" shall in the first instance present their request to the corporation, and, in the event of its refusal, to the court. This requirement is either arbitrary or rests upon reason. If the latter, it must be that the Legislature intended by the words "local authorities" those persons having control and authority over the highways, who are responsible for the safety thereof, and who in the first instance were called upon to determine as to the necessity of such gates or flagman. This construction is sustained by authority.

Section 91 of the railroad law, which relates to the consents necessary to the construction of a street surface railroad, is explicit that such consent shall be "of the local authorities having control of that portion of a street or highway upon which it is proposed to build or operate such railroad." In construing that section, the court uses this significant language:

"It is very evident, by reference to the connection in which the Legislature frequently uses the term 'local authorities,' that what is meant is those officers on whom the administration of the government of the particular political subdivision of the state, by virtue of their office, devolves, *in relation to the subject-matter of the legislative provision*. I think we need not delay to enforce this seemingly self-evident proposition by abundant illustration from the laws." In the Matter of the Application of the R. E. R. Co., 123 N. Y. 351, 25 N. E. 381.

In the Matter of Highway Commissioners of Town of Niagara, 72 Hun, 575, 25 N. Y. Supp. 231, the proceedings were instituted by the highway commissioners. The point was raised that they were not the local authorities referred to in the statute. It was held that they were, "for the reason that they are the authorities who are particularly charged with the care of the highways of the town," and the proceeding was sustained.

In the Matter of the Highway Commissioners of Town of Islip, 74 Hun, 44, 26 N. Y. Supp. 384, in the Matter of the Highway Commissioners of Town of Brookhaven, 74 Hun, 46, 26 N. Y. Supp. 293, and in the Matter of the Highway Commissioners of Town of Islip, 74 Hun, 48, 26 N. Y. Supp. 385, the proceedings were in each instance instituted by the highway commissioners, and the question was not raised in those cases that they were not the proper authorities.

In the case of Town of Lysander v. S. L. & B. Co., 31 Misc. Rep. 330, 65 N. Y. Supp. 415, the question was with regard to the necessary consent to operate a street surface railroad across the bridge over the Seneca river, and the question in the case was whether by the words "local authorities" are intended the trustees of the village or the commissioners of highways of the town. It was held that the latter officers were the ones referred to, and, referring to the Rochester Electric R. R. Case above cited, the court said:

"The Court of Appeals has said that the local authorities, to whom the statute refers as the source of consent to be given, are the officers, of the city, town, or village, whose duties and powers relate to the supervision, care, and maintenance of the streets and highways."

This case was affirmed upon the opinion of the Special Term. 51 App. Div. 617, 66 N. Y. Supp. 1146.

Who were the local authorities having control of the highways when this proceeding was instituted? It does not appear from the record when the notice of application to the court was served; but, as the petition was not verified until May 26, 1909, the proceedings could not have been instituted before that day. The town law, which went into effect February 17, 1909, provided that there should be a superintendent of highways. He was to be appointed or elected by the town board, according as the towns might determine. Laws of 1909, c. 63 (Consol. Laws, c. 62) § 80.

While the supervisor, town clerk, and justices of the peace, or any two of such justices, constitute the town board of the town (Id. § 131), and may be deemed the general governing board of the town, there is nothing in the statute which gives them control over the superintendent of highways, or devolves any part of his duties upon such board. On the contrary, in the administration of the highway system, the commissioner of highways is an independent public officer, exercising public powers, and charged with public duties specially prescribed by law. Flynn v. Hurd, 118 N. Y. 19, on page 27, 22 N. E. 1109.

On May 25, 1909, the day before this petition was verified, the town law was amended with respect to the persons who should constitute the town officers. Laws 1909, c. 491, § 1. This act also repealed the former provision of the town law (section 109) with reference to the commissioners of highways, and left their powers and duties defined by the highway law. That law, which went into effect February 17, 1909 (Laws 1909, c. 30; Consol. Laws, c. 25), provided for the election or appointment of a town superintendent of highways (sections 40 and 41), and defined his duties specifically as to several things, and generally that he was to "perform such other duties and have such other powers as may be imposed or conferred by law or the rules and regulations of the commission, including the powers and duties heretofore exercised or performed by the highway commissioners" (section 47, subd. 14).

As the duty in the first instance of determining as to the necessity for gates and a flagman and compelling the railroad to furnish the same formerly devolved upon the highway commissioners and is now devolved upon the town superintendent of highways, he was the local authority who, in the first instance, must make application to the railroad corporation, and, in the event of its refusal, further application to the court.

These proceedings were instituted by the supervisor, town clerk, and two of the justices of the peace of the town of Pawling. Unquestionably they are town officers, and in a sense local authorities; but so are the assessors, collectors, overseers of the poor, and the constables. They were not the local authorities contemplated by the statute under consideration.

I think, therefore, that these proceedings were improperly instituted, that the defect is a jurisdictional one, and that the order appealed from should be reversed, with $10 costs and disbursements, and the

proceedings dismissed, with costs of a special proceeding to the appellant.

JENKS, P. J., and WOODWARD, J., concur.

RICH, J. I dissent. The town board of the town of Pawling, composed of its supervisor, town clerk, and justices of the peace, are "local authorities" of such town, within the meaning of those words as used in section 33 of the railroad law, which authorizes the Supreme Court to order flagman or gates at a grade crossing. The appellant contends that under Matter of Highway Commissioners, 72 Hun, 575, 25 N. Y. Supp. 231, Matter of Highway Commissioners, 74 Hun, 48, 26 N. Y. Supp. 385, and Matter of Highway Commissioners, 74 Hun, 46, 26 N. Y. Supp. 293, the commissioner of highways is the only local authority upon whose application the court can acquire jurisdiction of a proceeding of this character. Section 80 of the town law provides for the election of a "superintendent of highways" in each town. Section 33 of the railroad law uses the term "local authorities." While a superintendent of highways is a local authority of a town, I do not think that the Legislature intended to confer the power of proceeding under the provisions of section 33 to that officer, but to the local authorities.

I vote for affirmance.

HIRSCHBERG, J., concurs.