W. D. PRUDEN v. W. C. PAXTON and others.

*Will--Construction of.*

1. In expounding a will the grammatical construction must prevail, unless a contrary intention plainly appears.

2. A testator, by the first item of his will, devised to his wife real property exceeding in value a life estate in all his property of that character. In the residuary clause of said will he devised as follows:—"I give, devise and bequeath all my other property of every description to my beloved wife and dear children, to be divided among them according to law ;" *Held*, that a farm included in such residuary clause passed to the wife and children as tenants in common of the fee.

(*Jones* v. *Posten*, 1 Ire. 166; *Brown* v. *Brown*, 2 Ire. Eq., 309; *Bost* v. *Bost*, 3 Jones, Eq., 484, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1878, of CHOWAN Superior Court, before *Henry, J.*

Richard Paxton died in 1865, leaving a last will and testament appointing his wife executrix. Besides the property specially devised in the will he was seized in fee simple at his death of a certain plantation known as the "Paxton farm" in Chowan county, which was devised by the residuary clause as follows:—"I give, devise and bequeath all my other property of every description to my beloved wife and dear children to be divided among them according to law." The interest in the house and lot in Edenton given to his widow, Mrs. E. B. Paxton, for life by the first item of the will largely exceeds in value a life interest in one third of all the real estate owned by the testator, and she never claimed or had allotted to her any dower interest in the Paxton farm. In pursuance of a judgment and execution in favor of F. L. Roberts and others, the sheriff levied upon her interest in said farm and sold the same in satisfaction thereof, when the plaintiff became

the purchaser, took a deed and brought this action to recover possession of the land. His Honor held that Mrs. Paxton was entitled to a dower interest in said land only, and that having failed to claim that interest before the sale to the plaintiff, he acquired no estate in the same by virtue of his deed from the sheriff. Judgment accordingly and appeal by plaintiff.

*Messrs. Gilliam & Gatling,* for plaintiff.
No counsel in this Court for defendants.

BYNUM, J. This is an action for the recovery of land, and the right of the plaintiff to recover depends upon the construction of the last will and testament of Richard Paxton.

The testator first devises and bequeaths to his wife, Elizabeth, his dwelling house and lot in the town of Edenton for her life and then to be disposed of among the children at her death as she may think best. It is conceded that this devise exceeds in value her dower right in all the real estate of the testator. After other bequests, follows the clause of the will we are called upon to construe, to wit, " Item—I give, devise and bequeath all my other property of every description to my dear wife and beloved children, to be divided among them according to law." And the wife is appointed executrix. The residue of the estate embraced by this clause of the will consisted of some personal property and a tract of land, known as the " Paxton farm." After the testator's death the interest of the widow in this land was sold under an execution against her for debt, and purchased by the plaintiff who brings this action to recover possession of such interest in the land as she derived under the aforesaid clause of the will. The defendants are the other devisees and those claiming under them. Their defence to the action is, that by the proper construction of the

will, the widow is only entitled to dower in the land, or such an estate as the law would give her, had the husband died intestate; and that inasmuch as she never applied for dower or had it assigned to her, she was seized of no estate in the land which was the subject of levy and sale.

In expounding a will the grammatical construction must prevail unless a contrary intent plainly appears. *Jones* v. *Posten*, 1 Ire. 166. Applying this rule, the devise here conveys the fee to all as tenants in common unless it is limited as to the wife by the words, " to be divided according to law." The will no where shows any intent of the testator that the wife should have only a life estate in the Paxton farm; on the contrary the intent would rather seem the other way, because in a former clause the testator had devised his dwelling house and premises to his wife, and expressly limited the estate to her for life, manifestly in lieu and satisfaction of her right of dower, while in respect of the devise of the residue of his land, no such limitation is made; but on the contrary the wife is put upon the exact footing of the children. No contrary intent therefore plainly appearing, the rules of grammar must determine the construction, and applying these, the will first conveys the fee simple to all the devisees—wife and children—and second, prescribes a division of the land and how it shall be made: Thus, 1st—" I give, devise and bequeath all my other property of every description to my beloved wife and dear children." This language unquestionably conveys the fee to all. Then the testator adds, 2nd—" to be divided among them according to law." This language is simply declaratory, not of the quantity of the estate conveyed, but of how the devisees shall hold it, to wit, in severalty, by a division to be made in the mode prescribed by law. The clause in question first creates the estate and then directs a partition in severalty.

This case is unlike that of *Brown* v. *Brown*, 2 Ire. Eq.

309, and *Bost* v. *Bost*, 3 Jones Eq. 484. In the first case there was a residue of real and personal property as here, but the testator wills it " to be disposed of as the law directs." It was held that the personalty passed to the next of kin according to the statute of distributions, and the realty went to the heirs according to the law of descents, because in both cases they were the persons whom the law would direct to take if the testator had died intestate. *Bost* v. *Bost* was also a case of the construction of a residuary clause in the following words,—" I will that all the balance of my estate, real and personal, be disposed of as the law directs." It was held that the widow should have her dower assigned in the mode directed by law in cases of intestacy.

The distinction between these two cases and the one at bar is manifest and illustrates the correctness of our construction. In the cases cited the *law* is invoked to designate who shall have the estate, while in our case the testator himself designates the objects of his bounty and *devises the estate directly to them*; the law is called upon only to divide the estate in severalty. The former are cases of intestacy *quoad* the residue, while the latter is a case of the devise of the residue,—where the testator did not, and did not intend to die intestate as to any of his property. If the testator had devised the " Paxton farm " to A and her children to be divided among them according to law, there could have been not a doubt but that A would have taken the same estate as the children. It is not seen how the case is altered because A happened to be the wife of the testator, and the children, his children.

We are therefore of opinion that by the devise the wife became a tenant in fee in common with the children, of an equal part of the land with each of them, and that the plaintiff is entitled to recover accordingly. The Court below

having held otherwise, there is error. Judgment is reversed and *venire de novo*.

PER CURIAM.                              *Venire de novo.*