## Matter of the Estate of SAMUEL FROST, Deceased.

(Surrogate's Court, New York County, April, 1919.)

Wills — provisions of — who entitled to residuary estate — status of adopted daughter as an "heir at law" — adoption — statutes — Laws of 1915, chap. 352 — Laws of 1917, chap. 149.

Where by a will made in 1884 the executors and trustees were directed to pay the net income of the residuary estate to testator's two surviving daughters in equal shares during their joint lives, and upon the decease of either, one-half of said estate was devised and bequeathed to her issue share and share alike, and in the event of there being no such issue, said one-half of the estate was given to the surviving daughter and her heirs forever, and after provision for the payment to her of the income of the remaining half of the estate the will provides that upon her decease said one-half of the estate and all accumulations of interest therein shall be paid to·her issue share and share alike, one who, in 1872, was taken into the household of the daughter of the testator, who survived her sister, and was legally adopted by her pursuant to chapter 352 of the Laws of 1915, which provided that nothing therein contained in regard to an adopted adult or child inheriting from the foster parent "applies to any will, devise or trust made or created before June 25, 1873, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust, an adult or child adopted before that date is not an heir so as to alter estates or trusts or devises in wills so made or created," is an heir of said daughter of the testator within the meaning of the will and as such is entitled to the one-half of the residuary estate held in trust for her foster mother.

The statute (Laws of 1917, chap. 149) which amends said statute of 1915 and declares that nothing therein in regard to an adult adopted pursuant thereto inheriting from the foster parent applies to any will, devise or trust made or created before April 22, 1915, etc., applies only to the status of persons adopted pursuant to the statute of 1917, and as that statute is not retroactive it does not operate to change the status of said adopted daughter as an "heir at law" of her foster mother.

Misc.]  Surrogate's Court, New York County, April, 1919.

PROCEEDING upon the judicial settlement of the account of an executor and trustee.

Coleridge A. Hart, for accounting executor and trustee.

Frederic R. Coudert, John P. Murray and James E. Hopkins, for Mrs. Alice C. B. Kingsbury.

Hughes, Rounds, Schurman & Dwight (Augustus L. Richards, of counsel), for objectants.

COHALAN, S. The testator, Samuel Frost, died in March, 1888, leaving a will dated March 3, 1884, and admitted to probate in the county of New York on March 29, 1888. On this final accounting of Howard T. Kingsbury, as sole surviving executor and trustee under the will of the above named, a question of law is presented affecting the distribution of the balance of a fund held in trust for the benefit of Emma F. Bussing, a daughter of the testator.

The petitioner in his account alleges that Alice C. B. Kingsbury is the sole heir at law of Emma F. Bussing. The allegation is denied by the objectants. The will provides by subdivision 4 of paragraph 5 in part as follows:

" All the rest and residue of said net income shall be divided by my said executors and trustees equally between and paid over to my said daughters, share and share alike, during their joint lives, as the same shall from time to time be received by said executors and trustees. Upon the decease of either of my said daughters, I give, devise and bequeath the one-half of my said residuary estate unto her issue share and share alike, giving to the issue of any deceased child

Surrogate's Court, New York County, April, 1919.   [Vol. 107.

of such deceased daughter the share which such child would have received if living; and in default of any such issue surviving such deceased daughter, I give, devise and bequeath said one-half to my surviving daughter and her heirs and assigns forever.   The remaining one-half of my said residuary estate shall be held and managed as aforesaid by said executors and trustees during the lifetime of my surviving daughter and the income arising therefrom shall be paid over to her, and upon her decease I give, devise and bequeath the said one-half and all accumulations of interest therein unto her issue share and share alike, the issue of any deceased child of such deceased daughter, however, to receive the share which such child would have received if living, and in default of any such issue surviving my said daughter, I give, devise and bequeath said remaining half of my residuary estate to her heirs at law.''

At the time of the testator's death he left him surviving two daughters, Mary F., subsequently married to William C. Heath, and Emma, subsequently married to Abraham Bussing.   Mary F. Heath died in 1914, leaving issue, and the one-half of the residuary estate held for her benefit was paid over and distributed to her children, who are the objectants in this accounting proceeding.   Emma F. Bussing, the other daughter, died June 30, 1918, leaving her surviving no natural children, but only an adopted daughter, Alice C. B. Kingsbury, and the question is asked, is she an heir at law of Emma Bussing by reason of such adoption so as to be entitled to the one-half of the residuary estate held in trust for the benefit of Emma Bussing?   In the year 1872 Mrs. Bussing took into her household Alice C. Bussing, the present Mrs. Kingsbury.   At that time there was no general adoption law.   By chapter 830 of the Laws of 1873 adoptions of minor chil-

dren were permitted in this state. In 1887 the law was amended so as to give children adopted under it the right of inheritance from foster parents. In 1915 the adoption of adults was permitted (Laws of 1915, chap. 352), and that law provided that

" * * * Nothing in this article in regard to an adopted adult or child inheriting from the foster parent applies to any will, devise or trust made or created before June twenty-five, eighteen hundred and seventy-three, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust, an adult or child adopted before that date is not an heir so as to alter estates or trusts or devises in wills so made or created."

In February, 1916, under the Laws of 1915, Emma F. Bussing legally adopted Alice C. B. Kingsbury in the Surrogate's Court of Nassau county. In 1917, by chapter 149 of the laws of that year, the Adoption Law of 1915 was amended by the following provision:

" * * * and nothing in this article in regard to an adult adopted pursuant hereto. inheriting from the foster parent applies to any will, devise or trust made or created before April twenty-two, nineteen hundred and fifteen, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust, an adult so adopted is not an heir so as to alter estates or trusts or devises in wills so made or created."

The objectants claim that the provisions of chapter 149 of the Laws of 1917 prevent Alice Kingsbury from being held an " heir at law " within the meaning of the Frost will, but this would not appear to be so. Mrs. Kingsbury was adopted under the Laws of 1915, and as they existed at that time an adoption would not interfere with or alter or change any of the provisions as to a devise or trust contained in a will

made before June 25, 1873.   As the Frost will was made in 1884, Mrs. Kingsbury, by adoption pursuant to the 1915 statute, became an heir at law of Mrs. Bussing within the meaning of the Frost will, and the 1917 statute applies only to the status of persons adopted pursuant thereto, which cannot be said of Mrs. Kingsbury.   The act of 1917 does not operate to change the status of Mrs. Kingsbury as an heir at law of Mrs. Bussing, because it is not retroactive. Statutes are to be construed only as prospective unless there is a clear legislative expression that they shall be retroactive, especially if retroactive operation impairs vested rights.   *Jacobus* v. *Colgate,* 217 N. Y. 235.   Mrs. Kingsbury became an heir at law of Mrs. Bussing within the meaning of the Frost will under the statute of 1915, which was the law under which she was adopted, and the 1917 statute does not operate to change that status.

A decree may therefore be submitted on notice settling the account as filed and determining the question of law presented in accordance with this opinion.

Decreed accordingly.