CHARLES A. RUNK, as Administrator, etc., of JANE MONCRIEF, Deceased, Plaintiff, *v.* JOHN L. KNIGHT, Defendant.

First Department, April 1, 1921.

**Executors and administrators — power of sale given to executrix by will — contract of sale executed prior to death of executrix — power of administrator with will annexed to complete sale — deed by administrator passes good title.**

Where an executrix under a will containing a power of sale executes a contract for the sale of real property of her testator but dies before the title is closed and the deed is passed, an administrator with the will annexed has power to execute the deed provided for in the contract of sale, and said deed passes a good and marketable title.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Charles A. Runk,* for the plaintiff.

*Frank M. Avery* of counsel [*S. W. Linington* with him on the brief; *Phillips & Avery,* attorneys], for the defendant.

GREENBAUM, J.:

The facts, so far as material, are that one Jane Moncrief died in the city of New York on January 8, 1897, seized of various parcels of real estate. In her last will and testament, which was duly admitted to probate by the surrogate of the county of New York on January 27, 1897, she created life estates in favor of certain nieces and a nephew and their issue, the details of which it is unnecessary for the purposes of this discussion to detail. The will provided that " upon the death of all my Nieces, and Nephew hereinbefore named, I give devise and bequeath the fee of all my Real Estate and Personal Property that I may die seized of, entitled to or possessed of, to the children of my Nieces and Nephew then alive, share and share alike."

The will also contained a power of sale as follows: " *Sixth.* Should my executor hereinafter named think it necessary during the lifetime of my Nieces or Nephew to sell and dispose of any or all of my Real Estate or Personal Property, I hereby

authorize empower and direct him to sell and dispose of the same at either public or private sale, giving and granting unto him full power and authority to make, execute and deliver proper conveyances for the transfer to the purchaser or purchasers of the same. * * * *Eighth.* Should my Executor herein after named, die before the expiration of his duties as such Executor, and one or all of my Nieces herein named survive him it is my Will wish and intention, that those of them (*sic*) my Nieces alive at. that time shall qualify as Executors and carry out this my Last Will and Testament as I have herein directed, giving and granting to them the same power and authority already given to my Executor hereinafter named."

The facts show that the first named executor in the will of the decedent, a nephew, named James Moncrief More, died during the term of his executorship, and pursuant to the provisions of the will he was succeeded on January 4, 1916, by Alice L. Gilbert, as sole executrix. On August 30, 1919, Alice L. Gilbert, as such executrix, executed and delivered to the defendant John L. Knight a contract for the sale of premises Nos. 458–460 West Fifty-first street, borough of Manhattan, for the sum of $26,500 and received from the defendant the sum of $1,000 on account of the purchase price.

According to the terms of the contract the deed was to be delivered on September 26, 1919. On September 25, 1919, the executrix executed a deed of the premises and delivered it to her attorney, Charles A. Runk, for the purpose of delivering it to the defendant upon his complying with the terms of the contract. On September 26, 1919, the Lawyers' Title and Trust Company, acting on behalf of the defendant, requested an adjournment of the closing of title because of its unpreparedness to close on the day fixed; and by consent of the parties the time for closing title was adjourned until October 15, 1919.

On October 13, 1919, Alice L. Gilbert died, leaving no lawful issue nor any issue of any deceased child. The time for closing title was thereafter postponed by consent until January 21, 1921, and in the meanwhile Charles A. Runk was appointed administrator C. T. A. who duly tendered a deed in proper form to convey title of said premises, but the defendant refused to accept it under the advice of the Lawyers'

Title and Trust Company upon the ground that it did not convey a marketable title " for the reason that the power of sale in the Will of Jane Moncrief set forth was not such a power as can be either exercised by or consummated by an Administrator with the Will annexed."

Section 2695 of the Code of Civil Procedure was amended in 1914 to read as follows: " Where letters of administration with the will annexed are granted, the will of the deceased shall be observed and performed; and the administrators with such will have the rights and powers, and are subject to the same duties, as if they had been named as executors in the will.

" Where power to mortgage, lease or sell real estate is given by a will to an executor or trustee, an administrator with the will annexed or a successor trustee may execute such power in any case where the original executor or trustee could execute the same, unless contrary to the express provisions of the will." (Revisers' Note:) " The last sentence added to change the confusion arising from the many cases holding that a discretionary power of sale does not pass to an administrator C. T. A. or successor trustee."

Section 2696, as amended, reads as follows: " § 2696. * * * Where any power to sell, mortgage or lease real estate or any interest therein, are given to trustees, and any of such persons named as trustees shall neglect to qualify, then all sales, mortgages and leases under said power made by the trustee or trustees who shall qualify shall be equally valid as if the other trustees had joined in such sale. Where a successor trustee has been appointed by the court, or is named in a will, he shall have the same power as to such real estate as the trustee or trustees had who were named in the will, unless the exercise of such power would be contrary to the express provision of the will." (Revisers' Note:) " This section is in line with the last part of former section 2694 which relates to executors. The last sentence is added to obviate a constant difficulty arising where a successor is appointed."

The defendant contends that section 2695, as amended in 1914, is not retrospective and hence has no application to a will made and probated before that amendment took effect.

The general rule is as stated in *Matter of Frost* (107 Misc. Rep. 118): " Statutes are to be construed only as prospective unless there is a clear legislative expression that they shall be retroactive, especially if retroactive operation impairs vested rights." (Citing *Jacobus* v. *Colgate*, 217 N. Y. 235.)

Upon the state of facts submitted it is unnecessary to decide whether the statute was or was not retrospective. The fact is that the executrix Gilbert had full power and authority to execute the contract and had she lived a few days longer her deed as executrix doubtless would have been delivered, and had she refused to deliver it, specific performance against her would lie.

The executrix having exercised the discretionary power of sale concededly conferred upon her under the will, it seems to us that the administrator C. T. A. had the power to carry into effect the terms of the contract. Not only was the intention of the testator faithfully effectuated by exercise of the discretion of the executrix upon whom he had imposed the power of sale but the execution and delivery of a valid contract for the sale of the realty in question changed the character of that portion of the estate of the decedent from real to personal property. (*Matter of Boshart*, 107 Misc. Rep. 697, and cases therein cited; affd., 188 App. Div. 788.)

It follows that the plaintiff may lawfully exercise the power of sale set forth in the will of Jane Moncrief in respect of the premises described in the submission of this controversy and that the deed tendered by him to the defendant conveys good and marketable title.

There must be judgment for the plaintiff compelling the defendant to perform the agreement in question, without costs, however, in accordance with the stipulation of the parties.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Judgment ordered for plaintiff, without costs. Settle order on notice.