GROSVENOR NICHOLAS, Appellant, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of GEORGE S. NICHOLAS, Deceased, and Others, Respondents, Impleaded with DAISY H. NICHOLAS, Appellant.

Second Department, November 23, 1928.

*Robert C. Beatty* [*Roger H. Anderson* with him on the brief], for the appellants.

*Harold R. Medina* [*Samuel Riker* and *William H. Bulton* with him on the brief], for the respondents The Farmers' Loan and Trust Company, as executor, etc., Elizabeth T. Nicholas, Ridgely Nicholas and Virginia T. Nicholas.

*Charles D. Miller*, for the respondent George S. Nicholas, Jr.

SCUDDER, J. George S. Nicholas died in 1922, leaving a will in which he directed his executor " to divide all the rest, residue and remainder of my property or the proceeds of sale thereof into four equal parts or shares and I give, devise and bequeath unto The Farmers' Loan and Trust Company of the City of New York one of such equal parts or shares; in trust nevertheless, for the

benefit of each of my four children Elizabeth T. Nicholas, Virginia T. Nicholas, George S. Nicholas, Jr., and Ridgely Nicholas;" to invest and to pay the income "of such share unto such one of my said last mentioned four children for whose benefit the same shall be held for and during his or her natural life," with power of appointment of the remainder to each of said children.

He then provided as follows: "I purposely make no provision for my son Grosvenor Nicholas, or his children, because of his unfilial attitude towards me for many years past."

The testator left an estate of more than $3,000,000.

The disinherited son claims that he is entitled to a share of the estate for the reason that only one-quarter of the residuary estate is given to the trustee, and that there is an intestacy as to the remaining three-quarters, giving him, therefore, one-fifth of three-quarters of the residuary estate.

In considering the appellant's claim, we are guided by certain well-known rules for the construction of wills,. viz., if there is an ambiguity, that construction should be given which will best carry the testator's intention into effect. (*Van Nostrand* v. *Moore*, 52 N. Y. 12.) Also, it is the court's duty to favor a construction which will avoid intestacy. (*Haug* v. *Schumacher*, 166 N. Y. 506; *Matter of Ossman* v. *Von Roemer*, 221 id. 381.)

The testator could not have declared more clearly his intention to cut off his son Grosvenor, but it is claimed for this son that only one of the four equal parts is devised to the trustee.

If we delete the unnecessary words from the language used by the testator, the will would read: "I direct my executor * * * to divide * * * the * * * residue * * * into four equal parts * * * and I give * * * one of such equal parts or shares; in trust nevertheless, for the benefit of each of my four children."

*One* of such parts is given for *each* child. Four equal parts are carved out of the whole and one is to be held for each of the four children named in the will. Such a construction avoids intestacy and carries out the intention of the testator.

The devise to the trustee was the equivalent of a separate devise to the trustee of one share for the benefit of Elizabeth, one share for the benefit of Virginia, one share for the benefit of George, and one share for the benefit of Ridgely.

Further support for this construction is also found in reading the will as a whole.

In *Matter of Turner* (208 N. Y. 261) the language used in the will was: "and to each of the children of my brother, George Turner, one share, to be divided equally among my said nieces

and nephews share and share alike." It was there held that there was a gift of one share to every one of the children of the testator's brother George.

The *Turner* case is an authority, if any is needed, for our decision in the instant case.

. The appellant relies upon *Brown* v. *Quintard* (177 N. Y. 75), but in that case the language used in the will was very different and is clearly distinguishable.

The judgment should be affirmed, with costs.

Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

Judgment unanimously affirmed, with costs.