In the Matter of the Petition of ULRICA GARGIULO to Render and Settle Her Account as Administratrix with the Will Annexed and as Substituted Trustee under the Last Will and Testament of RAFFAELE GARGIULO, Deceased.

Surrogate's Court, Kings County, April 18, 1929.

*Carlo D. Cella*, for the petitioner.

*Koschwitz & Towns*, for Dante Gargiulo and others.

*Frederick W. McGowan*, for National Surety Company.

WINGATE, S.   The questions here presented arise upon the return of an order directing Ulrica Gargiulo, administratrix with the will

annexed and widow of Raffaele Gargiulo, to show cause why she should not be restrained from selling certain parcels of real estate which came into her hands as such administratrix and as substituted trustee under the will of the deceased.

There are seven persons interested in this proceeding, four of them, the children of decedent by his first marriage, joining in this application to restrain the action of the trustee, and his two children by a second marriage and the widow upholding the propriety thereof.

The questions for determination involve a construction of the paragraph of decedent's will which is numbered " III " and which reads as follows:

" I give, devise and bequeath all my real property, and all my right, title and interest in any real property that I may die possessed of and situated in any part of the United States to Richard Noecker of the Borough of Brooklyn, City of New York, in trust nevertheless for the benefit of my children, Filomena Cifaldi, Angelina Gargiulo, Dorotea Gargiulo, Leonora Gargiulo, Silvio Gargiulo, Dante Gargiulo, for the following purposes:

" a. That after my death and as soon as practicable I direct my said trustee Richard Noecker to divide my estate, except as above disposed of, into as many shares as I may leave children, and that he set apart each of said shares for each of said children that I may leave surviving, and to invest and re-invest the same and use and employ any profits derived from each of said shares for the support, maintenance and education of said children, for which said share is set aside, during the minority of said youngest child.

" b. Giving to my trustee also power and authority should the income of such share not be sufficient for that purpose, to use from time to time, part or all of the accrued principal for that purpose, leaving the same wholly to his discretion when and how to do so, and that he pay over the share of each child or so much thereof as there may be remaining, and any unexpended income thereof to each child when the youngest one shall attain the age of majority. In case any of my children shall die before the youngest one shall reach the age of twenty-one years, without leaving lawful issue, then, I give, devise and bequeath, the share of such child so dying to the surviving children.

" c. My said Trustee shall pay to my wife Ulrica Gargiulo such a share or income out of the real property as she is entitled by law to receive and no more.

" d. Upon the youngest of my children attaining the age of

twenty-one years, I direct that whatever real property may be left, it be divided equally share and share alike between my children then living. If any of my children may have died meanwhile without leaving any lawful issue, then I direct that said share be divided equally between the surviving children.

" e. I further authorize Richard Noecker, my trustee, whenever he deems advisable for the best interest of my estate to sell and convey any of my real property, except that hereinafter specifically excepted, and to satisfy any claim or mortgage that I may have on any property, as well as to pay and discharge or renew and obtain, execute, acknowledge and deliver any bond or mortgage on any of my property or on any interest that I may have therein. I further authorize my said trustee to lease for a period of not over three years at a time, the property I may die possessed of, except the property No. 282 in Washington Street, Borough of Manhattan, New York City, which must not be sold or leased until the youngest child attains the age of twenty-one years, it being my desire that the property No. 282 Washington Street shall be kept in the possession of my two sons Silvio Gargiulo and Dante Gargiulo, who shall continue the business as aforesaid up to the time all the real property shall be divided as herein provided, and the property used as a home situated in Brooklyn, which will be used as the home of my children, and wife during her widowhood only."

All of testator's children have now attained the age of twenty-one years, and the trustee has made arrangement to sell at public auction four of the five parcels of real estate contained in the estate, pursuant to the power of sale contained in paragraph " III-e " of the will above quoted.

A preliminary contention of those objecting to the sale is to the effect that since the terms of the will expressly give this power of sale to Richard Noecker, the original trustee named therein, it is not capable of exercise by the substituted trustee. This contention loses sight of the fact that the law in this respect was clarified by the enactment of section 225 of the Surrogate's Court Act which provides " where letters of administration with the will annexed are granted, the will of the deceased shall be observed and performed; and the administrators with such will have the rights and powers, and are subject to the same duties, as if they had been named as executors in the will.

" Where power to mortgage, lease or sell real estate is given by a will to an executor or trustee, an administrator with the will annexed or a successor trustee may execute such power in any case where the original executor or trustee could execute the same, unless contrary to the express provisions of the will."

Since this enactment, it has been the settled law of this State that a substituted trustee possessed the same powers as the one originally named, unless the reverse was clearly expressed in the testamentary disposition. (*Hollenbach* v. *Born*, 238 N. Y. 34; *Runk* v. *Knight*, 196 App. Div. 99. See, also, *Williams* v. *Williams*, 152 App. Div. 323.)

Elaborate memoranda have been submitted by the opposing counsel on the question of whether the will does or does not effect an equitable conversion of this real property. The decisions therein cited are, of course, conclusive in their determinations of the results flowing from the particular wordings of the wills there under consideration, but as is said by the Court of Appeals in *Matter of Bump* (234 N. Y. 60, 63): " Slight variations of phrase, however, or differences in arrangement may lead us to opposite results."

In the final analysis, the court, in any case involving the construction of a will, must be guided by its understanding of the meaning of the instrument. An attempt must be made to gather the intent of the testator from a reading of the entire document (*Matter of Hughes*, 225 App. Div. 29; *Matter of Purdy*, 133 Misc. 217), and if there is any ambiguity, that construction should be given thereto which will best carry such intention into effect (*Nicholas* v. *Farmers' L. & T. Co.*, 224 App. Div. 540), although in this respect the courts are limited to the words which the testator himself used. (*Matter of Durand*, 250 N. Y. 45.)

Turning, then, to the will itself, as above quoted, we first find an express devise by the testator of all his property to the trustee. This obviously vested legal title in the trustee. (*Pratt* v. *Prentice*, 166 App. Div. 906; *Train* v. *Davis*, 49 Misc. 162.)

Subsection " e " of paragraph " III " defines the powers of the trustee respecting the real property and grants a general power of sale to the trustee " whenever he deems (such course) advisable for the best interest " of the estate, with the single exception of " No. 282 in Washington Street." The language concerning this exception is, in the opinion of the court, extremely pertinent as bearing upon the intention of the testator, it being provided that this particular parcel " must not be sold or leased until the youngest child attains the age of twenty-one years."

The obligations of the trustee, so far as here material, which conversely measure the rights of the beneficiaries named, are also enumerated in this paragraph. He is to " divide " the real estate into as many shares as testator leaves children " as soon as practicable " after testator's death, and employ the income for the benefit of such children, respectively. He is to " pay over the

share of each child " to such child when the youngest attains the age of twenty-one years, which provision is repeated in a later. paragraph as follows: " Upon the youngest of my children attaining the age of twenty-one years, I direct that whatever real property be left, it be divided equally share and share alike between my children then living."

From a consideration of the foregoing provisions, it must be obvious that were we to give effect to the construction contended for by those objecting to the sale of the property, it would be necessary to hold that the trustee never could have an effective power of sale over the premises 282 Washington street, since under their claim the trusts terminated when the youngest child reached twenty-one and by this clause such power of sale was not given until that time. Such a holding would, however, make nugatory the last eleven words relating thereto, above quoted, that that property " must not be sold or leased until the youngest child attains the age of twenty-one years."

The obvious inference from these additional words is that whereas the property is not to be sold prior to such time, it may be sold thereafter, which, in turn, leads to the obvious inference that the testator had no intention that the trust and consequently the powers given the trustees should then terminate, but that they should continue beyond the time of such majority and until the other expressed objects were attained.

However, we are not obliged to rely solely on the considerations just reviewed in order to uphold the purpose of the trustee to sell this property. The trustee is, in subsection " a," directed to " divide " the property into shares. In subsection " b " he is directed to " pay over " the share of each child upon the happening of the appointed time, the direction in " d " being, again, that the trust *res* be " divided."

To perform the act desired by the objectors, namely, to convey the property to all of the children as tenants in common, would be a direct violation of the direction to " divide," since, in the absence of mutual agreement which seems a remote possibility in this case, a partition action would be necessary to obtain that separation of interests which the word " divide " connotes in common parlance. (*Pruden* v. *Paxton*, 79 N. C. 446, 448; *Armstrong* v. *Crutchfield's Exrs.*, 150 Ky. 641; *Matter of Greenwood Township*, 3 Grant [Penn.], 261, 263; *Winston* v. *Jones*, 6 Ala. 550, 554; *Matter of McGinness*, 13 Misc. 714, 719.) Whereas it is unquestionable that the word " divide " has, on certain occasions, been given a technical legal meaning, differing from the sense in which it is popularly

used, it seems apparent from the provision in subparagraph "b," requiring the trustee to "pay," that the sense in which it was here used contemplated an actual separation into several parts, which, obviously, could not be accomplished with this real estate remaining in specie and unsold, since there are several parcels of unequal value, and required its sale to enable the trustee to comply with the testator's direction to divide into shares and pay to the beneficiaries entitled. Although not precisely in point general support for the views herein expressed is found in *Salisbury* v. *Slade* (160 N. Y. 278, 288, 290); *Morse* v. *Morse* (85 id. 53, 57, 59); *Fraser* v. *Bowerman* (104 Misc. 260; affd., 187 App. Div. 926). (See, also, *Lawrence* v. *Littlefield*, 215 N. Y. 561; *Delafield* v. *Barlow*, 107 id. 535.)

On the view of the proper construction of the will, as hereinbefore expressed, the cases cited in the brief of counsel for the objectors are not pertinent to the question.

To paraphrase the remarks of the Court of Appeals in *Clark* v. *Cammann* (160 N. Y. 315, 327), a discussion of the authorities we do not consider necessary. There is a long line of cases in which it has been held that the particular provision of the will under consideration effected an equitable conversion, and another line of cases, equally long, holding that they did not, which cases have been disposed of under the peculiar phraseology of the wills under review in those cases. Our attention has been called to no case in which the precise language of this will has been considered.

Since the rights of the widow under the paragraph of the will numbered "III-c" are not involved in this proceeding, they are not passed upon.

It follows that since, under the construction of the will herein adopted it is determined that the trusts created by paragraph "III" of decedent's will continued subsequent to the time testator's youngest child reached the age of twenty-one, and the trustee is vested with a power of sale of the properties in question, and no sufficient reason appears why she should not execute the same, the application is denied and the stay of sale granted in the order of April 12, 1929, is vacated.

Decree may be entered accordingly.