In the Matter of the Petition of WILLIAM McGowan to Obtain an Order Construing the Last Will and Testament of WILLIAM McGowan, Deceased.

Surrogate's Court, Kings County, June 13, 1929.

*David Joyce,* for the petitioner.

*Edward J. Flanagan,* for the respondents.

*John H. Schmid,* special guardian for James McGowan, an infant.

*W. Harry Sefton,* special guardian for Mary Rogers, James Rogers, Joseph Rogers, William Rogers and Rose C. Rogers, infants.

WINGATE, S. This proceeding for the construction of the will of William McGowan arises upon the petition of his son, William McGowan, Jr., who prays a determination that the legacies given by the will are not a charge on the real estate of the decedent, and that he died intestate in respect thereto.

The will in question bears date the 31st day of October, 1927, and was admitted to probate in this court on July 16, 1928. It

contains five legacies as follows: $8,000 to decedent's sister; $1,000 for masses; $35,000 in trust for decedent's son James; $25,000 in trust for his son William, and $25,000 in trust for his daughter, Mary Rogers, a total of $94,000. It contains no residuary clause. The language in the legacies to the sister and for masses used the words "I give and bequeath," while in the other legacies the phraseology employed is: "I give, *devise* and bequeath." The final clause, after appointing executors and trustees, reads in part as follows: "Hereby giving and granting unto them and their successors full power to sell any and all real estate of which I may die seized, and to execute any and all conveyances, deeds or written instruments necessary for the purpose of making such transfer."

It was conceded by all parties that the personalty in the estate was utterly inadequate to pay all of these legacies and that there was such a latent ambiguity in the will as to warrant the introduction of testimony to demonstrate the financial situation of the testator at the time of its execution.

It developed on the hearing that at the time of making the will, the testator owned real property of the gross value of approximately $122,000, subject to incumbrances aggregating $51,350, or a net value of about $70,650.

For the purpose of proving his holdings of personalty at such time, the attorney who drew the will, and who was a subscribing witness to its execution, was produced on the stand and questioned respecting statements to him, in his professional capacity, by the testator, respecting his property, and directions for preparation of the will. This testimony was objected to and received subject to such objection. It is unnecessary to pass upon the validity of such objections, since the testimony objected to is unnecessary for this determination. For present purposes, therefore, all objections made are sustained and the testimony elicited is stricken from the record. The facts, so far as necessary for the determination, appear from the cross-examination of the witness on page 15 of the record, where the testimony was elicited without objection by any party, that at the time of making the will testator stated that his personal estate was worth about $18,000 and his real estate about $70,000.

Under the facts and circumstances enumerated, the result follows as an obviously necessary conclusion from well-established rules of law, that it was the testator's intention that his real estate should pass under his will for the purpose of supplying the necessary amounts to pay the legacies, and that there was no intestacy in respect thereto.

It is fundamental that a disposition in one clause of a will may

aid in arriving at the testator's meaning in another. (*Livingston* v. *Ward*, 247 N. Y. 97.) As noted, in two of the legacies testator employs the wording "give and bequeath," while in the other three the phrase is "give, devise and bequeath." It will be presumed, in view of this variation in wording, that in the latter instances the testator had a specific object in mind, namely, a gift of or charge upon the realty, since the word "devise," especially when, as here, distinguished from a pure "bequest," has the meaning of a gift of real estate. (*Fosdick* v. *Town of Hempstead*, 8 N. Y. Supp. 772, 774; 55 Hun, 611; *Scholle* v. *Scholle*, 113 N. Y. 261.) The facts in the latter case are almost identical with those here present. (See particularly pp. 271, 272.)

Were the construction contended for by the son to be adopted, it would result in an intestacy as to the realty, and one of the most fundamental rules of construction of wills is that a testator is presumed to have intended to dispose of his entire property and intestacy will be avoided if at all possible. (*Matter of Kavanagh*, 133 Misc. 399; *Matter of Potter*, Id. 17; *Nicholas* v. *Farmers' Loan & Trust Co.*, 224 App. Div. 540; *Matter of Foster*, 133 Misc. 222; *Matter of Manning*, Id. 695.)

Where, as in the instant case, the will contains no residuary clause there is a strong resulting presumption that testator thought that he had made a complete disposition of his entire property by his will, and that such was his intention. (*West* v. *West*, 215 App. Div. 285, 288; *Ward* v. *Stanard*, 82 id. 386; *Matter of Faust*, 83 Misc. 250; *Matter of Kavanagh*, 133 id. 399.)

The grant of power of sale of real estate owned by testator is an extremely cogent evidence of his intention that such real estate was to pass by the will where, as here, such power would otherwise be meaningless. (*Ely* v. *Megie*, 219 N. Y. 112, 132; *Kalbfleisch* v. *Kalbfleisch*, 67 id. 354; *Dunham* v. *Deraismes*, 165 id. 65.)

The foregoing considerations are so ample for the purpose of disposing of the present application that even in the absence of testimony a construction to include the real estate in the testamentary disposition would be inescapable.

The small portion of the record remaining after deleting all portions to which objection was raised, serves to transform a practical certainty into an absolute one. It is demonstrated thereby that unless the real estate is included, there will be, and would at the time of the execution of the will have been, a deficiency of assets from which to pay legacies of almost $70,000, approximately equal to the net value of such real property; and it is established by overwhelming authority that where it appears that there is a marked deficiency of personalty from which legacies may be paid,

this fact gives rise to an extremely strong presumption that testator intended to charge such legacies upon his real estate, provided, as here, that it appears that he was aware of such deficiency. (*Ely* v. *Megie, supra; Briggs* v. *Carroll,* 117 N. Y. 288, 292; *Carley* v. *Harper,* 219 id. 295, 301.)

Since, therefore, every applicable rule of construction leads to such a result, it is found that the will in the instant case charged the legacies upon testator's real property, and that there is no intestacy in respect thereto.

Submit decree, on notice, accordingly.