James S. Brown,
Justice of the Supreme Court and Acting Surrogate. Testator died September 14, 1910. His will made *322 five years before was probated October 17, 1910. He was unmarried, and had had three brothers, one of whom, Edmund, had died before the will was made. Another brother, Silas W., was alive when the will was made but died three months before the testator. The third brother, Elliot F., survived and died on September 14, 1917.
By paragraph 1 ‘ fifth ’ ’ of his will, testator created a trust of his residuary estate for the lifetime of his niece, Alice Augusta Driggs, and directed that upon her death the principal be divided into three equal parts to be held as follows:
Under subdivision “ (1) — One part in trust for testator’s
brother, Elliot F., and upon his death the principal thereof “ to be paid to his children him surviving* equally share and share alike, the child or children of any deceased child to take the share his or her parent would be entitled to receive if living.”
Under subdivision “ (2) — Another equal part in trust for testator’s brother, Silas W., and “ upon his death ” the principal thereof “to be paid to his widow, if living ’ ’ and ‘ ‘ in case she shall have predeceased ” Silas “ then in that event ” to be paid to the children of testator’s brother, Elliot.
Under subdivision “ (3) — The remaining part in trust for Amelia A. Driggs (widow of testator’s predeceased brother, Edmund) and upon her death the principal thereof to be paid to the children of Edmund equally share and share alike, “ the child or children of any deceased child to take the share his or her parent would be entitled to receive if living.”
As stated above, the brother Elliot F., named in subdivision “ (1) ”, died on September 14, 1917; and the brother Silas W., named in subdivision “ (2) ”, had predeceased the testator. Amelia A. Driggs, the sister-in-law mentioned in subdivision “ (3) ”, died on May 9, 1921. The entire residuary trust was terminated by the death on November 23,1959 of the testator’s niece Alice Augusta Driggs, the primary beneficiary. This proceeding to judicially settle the trustee’s account also seeks a construction of testator’s will to determine the proper distribution of the remainder.
Where intent is obscure or some doubt exists as to the meaning of the language used by a testator in any part of a will, it is neccessary to seek out its true meaning by considering the various parts in relation to the whole will (Matter of Title Guar. & Trust Co., 195 N. Y. 339; Matter of McGowan, 134 Misc. 409, affd. 228 App. Div. 799, affd. 254 N. Y. 513). A reading of the will as a whole reveals that testator intended to confer certain definite benefits upon each of his three brothers and their respective families. However, each subdivision has *323 distinct differences as well as some similarities. Under subdivision “ (1) ”, testator’s brother, Elliot F., is the life beneficiary with remainder payable to his children and the children of any deceased child. Under subdivision “ (2) ”, testator’s brother, Silas W., is the life beneficiary but the remainder is payable ‘£ to his widow, if living ” with the further proviso that if Silas’ widow predeceased him then the remainder was to pass to the children of Elliot F. Subdivision £< (3) ” bears a similarity to subdivision ££ (1) ” in that after the death of Amelia A. Driggs, the widow of testator’s predeceased brother Edmund, the remainder is payable to his children or to the children of any deceased child. Thus it is apparent that the contention of some of the parties interested herein that testator intended to treat each of his brothers’ families alike and that great-grandchildren of the brothers may share in the remainder is not borne out by the language of the will. Each of testator’s brothers left them surviving children, some of whom had children and grandchildren of their own.
With respect to subdivisions ££ (1) ” and “ (3) ”, the plain language that £ 1 the child or children of any deceased child to take the share his or her parent would be entitled to receive if living” clearly indicates that testator intended the children of his brothers and the children of any deceased child of theirs were to share in the respective remainders of the separate trusts. The language used is devoid of any such expression as “ issue ” or “ descendants ” to which a broader legal connotation might be ascribed. Therefore the court must limit the meaning of the words “child” or “ children ” as used by testator to include only the immediate child or children of the testator’s brothers and the immediate children of those who died, per stirpes (Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Matter of Villalonga, 6 N Y 2d 477), and so construes the effect of such subdivisions “ (1) ” and “ (3) ”.
As to the remaining third equal part, subdivision “ (2) ” of paragraph ‘ ‘ fifth ’ ’ leaves it in trust for the brother Silas W. •£ and upon his death ® * * to be paid to his widow, if living.” Silas W. had died three months before the testator. His widow Theresa W. survived him and survived the testator, she having died on December 23, 1925. Since the divesting condition, that is the death of Theresa before Silas, did not occur, Theresa became vested with the remainder of that one third immediately upon the testator’s death. In other words, the alternative disposition was to become effective only if she predeceased Silas. Only the enjoyment of that one third was suspended during the lifetime of the primary beneficiary, her *324 own daughter, Alice Augusta Driggs. The use of the expression “if living ” relates to her surviving her husband and not to the time of the vesting.
The law favors the vesting of estates at the earliest possible moment (Matter of Kroos, 302 N. Y. 424; Matter of Shupack, 158 Misc. 873, 890; Matter of Pino, 106 N. Y. S. 2d 391, 395, affd. 282 App. Div. 670, affd. 306 N. Y. 891; Matter of Leonard, 143 Misc. 172 and cases therein cited; Matter of Ossman v. Von Roemer, 221 N. Y. 381; Wright v. Wright, 225 N. Y. 329; Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571). The court therefore determines that Silas’ widow was vested with the one-third part of the trust remainder under subdivision “ (2) ” of paragraph “fifth” of the will and that the same is payable to her estate.